**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**

United States Courts
Southern District of Texas
FILED

**MAR 2 4 2017**

David J. Bradley, Clerk of Court

IN RE:

**CHRISTOPHER DARKINS**

              **PETITIONER**

vs.

1. **ELIZABETH MARTINEZ,** Probation

    Officer, Houston Supervised Release

    Department

2. **UNITED STATES DISTRICT COURT**

    **FOR MIDDLE DISTRICT OF GEORGIA**

                **RESPONDENT**

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: **17-914**

**PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C § 2241**

### TABLE OF CONTENTS

PETITION FOR WRIT OF HABEAS CORPUS…………………………………….. 1

STATEMENT OF JURISDICTION…………………………………………… 1

PARTIES………………………………………………………………… 3

FACTUAL AND PROCEDURAL BACKGROUND………………………………. 3

NATURE OF RELIEF SOUGHT…………………………………………….. 4

GROUNDS FOR RELIEF…………………………………………………... 5

PRAYER FOR RELIEF……………………………………………………. 11

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **IN RE:** ) | Case No.: _____ |
| **CHRISTOPHER DARKINS** ) | |
| **PETITIONER** ) | |
| ) | |
| vs. ) | |
| ) | **PETITION FOR WRIT OF HABEAS** |
| 3. **ELIZABETH MARTINEZ,** Probation ) | **CORPUS PURSUANT TO** |
| Officer, Houston Supervised Release ) | **28 U.S.C § 2241** |
| Department ) | |
| 4. **UNITED STATES DISTRICT COURT** ) | |
| **FOR MIDDLE DISTRICT OF GEORGIA** ) | |
| **RESPONDENT** ) | |

### PETITION FOR WRIT OF HABEAS CORPUS

Comes now the Petitioner, Christopher Darkins, in his own proper person, and petitions this Honorable Court to award a Writ of Habeas Corpus against the Respondents.

### STATEMENT OF JURISDICTION

1.    This Petition for Writ of Habeas Corpus is filed pursuant to 28 U.S.C § 2241 and this Court has jurisdiction as the Petitioner is presently under the supervision of the US Probation Office in Houston, Texas. It is submitted here that the Petitioner was charged in a criminal case no. 5:15-CR-35-MTT, titled as United States of America James Maxwell et al before the Respondent No. 2. The Petitioner was released awaiting trial

under supervised released conditions set at the bail hearing before the Respondent No. 2. The supervision of the Petitioner was transferred from the US Probation office Macon, Georgia to the US Probation Office in Houston Texas. It is respectfully submitted that such supervised release is considered as custody under or by the color of the authority of the United State and such custody is in violation of the Constitution, laws, or treaties of the United States.

2.      The Petitioner has exhausted his remedies to the extent required by law because his motion to dismiss the indictment for the lack of cause of action and the subject matter jurisdiction was denied and learned District Court for the Middle District of Georgia has still not pronounced any decision on the motion to Quash the arrest warrant and Count one of the Indictment filed by the Petitioner. It is pertinent to state here that no trial date has been scheduled in the current criminal case till date and this limits the Petitioner's right to file a Writ of Mandamus or Prohibition directing the Honorable Respondent Number 2 not to proceed against the Petitioner for the lack of Jurisdiction.

3.      A Writ of Habeas Corpus is appropriate and the only means to obtain the desired relief as

   a) The petitioner will be damaged and prejudiced in that he is being prosecuted and put under supervised release in a criminal case in which the United States District Court for the Middle District of Georgia, Macon Division has no jurisdiction to proceed against the Petitioner;

   b) The order, of District Court for the Middle District of Georgia, denying the motion to dismiss for lack of jurisdiction is clearly erroneous as a matter of law:

4.      28 U.S.C 2241 grants habeas jurisdiction to federal courts to issue writs of habeas corpus to persons under legal custody who show that they are in custody for reasons other than a court judgment in violation of the Constitution or laws or treaties of the United States.

## PARTIES

1.     The Petitioner, Christopher Darkins, a defendant in criminal case no. 5:15-CR-35-MTT-
       27, titled as United States of America Vs James Maxwell et al pending before the United
       States District Court for the Middle District of Georgia.

2.     The Respondent are:
       i.     ELIZABETH MARTINEZ, Probation Officer, Houston Supervised Release
              Department
       ii.    UNITED STATES DISTRICT COURT  FOR MIDDLE DISTRICT OF
              GEORGIA

## FACTUAL AND PROCEDURAL BACKGROUND

5.     On September 9, 2015, the Petitioner Christopher Darkins, was charged in Count One of
       the indictment along with thirty-one (31) defendants in the criminal case no. 5:15-CR-35-
       MTT-27, titled as United States of America Vs James Maxwell et al pending before the
       District Court for the Middle District of Georgia. On September 11, 2015 an arrest
       warrant to arrest the Petitioner was issued by the Respondent on the basis of the Count
       One of the Indictment in the above said criminal case.

6.     On October 15, 2015, the Petitioner filed an Emergency Writ of Prohibition before the
       United States Court Of Appeals for the Eleventh Circuit seeking a writ ordering the
       District Court for the Middle District of Georgia to stay criminal proceedings against the
       Petitioner, recall an arrest warrant that was issued against him, and vacate his defective
       indictment.

7.     The Emergency Writ of Prohibition and the Petitioner was directed to move the District
       Court for the Middle District of Georgia to dismiss his indictment on the basis that the
       indictment is insufficient to invoke the court's jurisdiction or to state an offense against
       him. The Order of this Honorable Court is attached along with this Petition.

8.      As directed by United States Court Of Appeals for the Eleventh Circuit, on November 4th, 2015 the Petitioner moved the motion to dismiss the Indictment for the lack of jurisdiction before the District Court for the Middle District of Georgia.

9.      On March 1st, 2016, the District Court for the Middle District of Georgia denied the above said Motion baselessly and arbitrarily. The Order is attached along with this Petition.

10.     The Petitioner was arrested from Houston, Texas on February 23, 2016 in the current case and was held under the arrest warrant in Crisp County Jail in Cordele, GA.

11.     On August 09th, 2016, the Petitioner filed a Motion to Quash the arrest warrant and Count One of the Indictment. The Honorable District Court for the Middle District of Georgia has still not pronounced any decision on this motion filed by the Petitioner.

12.     The Petitioner was released by the Respondent No. 2 under supervised released conditions awaiting trial on September 16, 2016.

13.     That the supervision of the Petitioner was transferred from the US Probation office Macon, Georgia to the US Probation Office in Houston Texas.

14.     It is pertinent to mention here that no trial date has been scheduled in the above mentioned criminal case till date.

## **NATURE OF RELIEF SOUGHT**

15.     The relief sought is a writ of habeas corpus ordering the dismissal of the Count one of the Indictment against the Petitioner for the lack of cause of action and subject matter jurisdiction in the criminal case no. 5:15-CR-35-MTT-27 and discharge and release the Petitioner from the supervised released conditions set at the bail hearing in the above mentioned case.

## GROUNDS FOR RELIEF

1. The District Court for the Middle District of Georgia lacks Jurisdiction to proceed against the Petitioner and keep him under supervised release for the following reasons:

2. **All the alleged offenses or acts has occurred in places subject to the jurisdiction of the State of Georgia only:**

   i.    It is respectfully submitted here that the petitioner is named only in Count One of the Indictment which charges the defendant with the conspiracy to unlawfully, intentionally and knowingly possess with Intent to Distribute Marijuana. Count One is reproduced below:

   > Count One: Conspiracy to possess with intent to distribute Marijuana:
   > *"That from on or about January 1, 2012, to on or about October 31, 2014, the exact dates being unknown, in the Macon Division of the Middle District of Georgia, and elsewhere within the jurisdiction of this Court, defendants (Ira Christopher Jackson and 29 others, did conspire with each other and with others, both known and unknown to the Grand Jury, to unlawfully, intentionally, and knowingly possess with the intent to distribute a Schedule I controlled substance, to-wit: more than 100 kilograms of marijuana, all in the violation of Title 21, United States Code, Section 846, i/c/w Title 21, United States Code, Sections 841(a) (1), and 841(b)(1)(B)(vii), and Title 18, United States Code, Section 2."*

   ii.   From the bare reading of the above mentioned Count one of the indictment, it is crystal clear that the offense of conspiracy, against the Moving Defendant, had the criminal effect in the places subject to the jurisdiction of the State of Georgia. It does not state any place where the conspiracy occurred with the design to have the criminal effect within the jurisdiction of the Unites States. Therefore, in the

present case, the alleged sections of Title 21 and Title 18 of the United States Code are not applicable as the criminal effect of the alleged offenses, acts and conspiracy occurred in places subject to the jurisdiction and legislative authority of the State of Georgia.

iii.  Title 21 § 802 (28) dictates that the conspiracy must be designed to have criminal effect within places or waters subject to the jurisdiction of the United States. The Government alleges that the conspiracy in the Count One was designed to have effect in places subject to the jurisdiction and legislative authority of the State of Georgia and outside the jurisdiction and legislative authority of the District Courts.

iv.   It is respectfully submitted here that the District Courts of United States have the original jurisdiction only in offenses against the laws of the United States and not in cases where the jurisdiction of the courts of the States is applicable.

v.    To wit the indictment fails to state an offense against the laws of the United States invoking the Original Jurisdiction of the District Court for the Middle District of Georgia pursuant to Title 18, United States Code, Section 3231, which is reproduced below:

*"The District Courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States.*

*Nothing in this title shall be held to take away or impair the jurisdiction of the Courts of the several States under the laws thereof."*

The proviso to the section clearly states that this Title does not impair the jurisdictional powers of the States.

vi.   Due to the aforementioned reasons the alleged cause of action, the object, purpose and effect of the conspiracy, accrued within the jurisdiction of the State of Georgia and outside the jurisdiction of the United States District Court for the

Middle District of Georgia. To wit, the Moving Defendant is charged with conspiracy to commit an offense not cognizable by the United States District Court for the Middle District of Georgia.

This inevitable conclusion is not based upon a want of power in congress to define and punish the crime charged, but upon the grounds that the statute did not apply because the alleged place of the offense is not out of the jurisdiction of the state. United States v. Florence 289 US 157.

vii.    Further, the Supremacy Clause of the United States Constitution necessarily implies that congress did not intend for the criminal laws of the United States to conflict with the laws operative within the jurisdiction of the several States. The State of Georgia has enacted the Georgia Controlled Substance Act which portends to criminalize the unlawful possession with the intent to distribute marijuana within the jurisdiction of the State. If Title 21 United States Code §841(a)(1), § 841(b)(1)(B)(vii), were intended to criminalize acts occurring within the jurisdiction of the State of Georgia and not confided to places where the federal government has sole and exclusive jurisdiction the jurisdiction of the State Courts would be impaired as they are constitutionally required to yield to the laws and jurisdiction of the United States.

viii.    United States v. Florence 287 US 137, Collings v. Yosemite Park 304 US 518, Fort Leavenworth R.R. Co v Lowe 114 US 525, United States v Beavans 3 Wheat 336, and Cunnard Steamship v. Mallan 262 US 100 are a diverse group of Supreme Court decisions covering common law and absolute liability (i.e. alcohol prohibition) offenses drawing the same conclusion regarding the limited nature of the criminal jurisdiction of the United States within the several States.

3. **The District Court for the Middle District of Georgia has no Jurisdiction to proceed against the Petitioner under the Controlled Substance Act in the present case:**

    i.    The Supreme Court has long held that a criminal act having the criminal effect wholly within the jurisdiction of the State "cannot be made an offense against the United States, unless it has some relation to the execution of a power of congress, or to some matter within the jurisdiction of the United States." United States v. Fox 95 US 670, 24 Led 538 (1870). Furthermore, "it is incumbent upon federal courts to be certain of congresses intent before finding that federal law overrides [the] usual constitutional balance of federal and state powers." Gregory v Ashcroft, 501 US 452, 462 111 S.CT. 2395, 115 L.ed. 2d 410(1991)

    ii.    In this case, the Government is wrongly prosecuting the offenses pertaining to illegal drug having the criminal effect only in places subject to the legislative authority and jurisdiction of several States under the Controlled Substance Act on the basis of the findings of the Congress. Consistent with Congress' interstate commerce powers Title 21 U.S.C. § 801 (6), declared "Federal control of the intrastate incidents of the traffic in controlled substances is essential to the effective control of the interstate incidents of such traffic."

Title 21 U.S.C. § 802 (5) "Control" means to add a drug or other substance or immediate precursor, to a schedule under Part B of this Subchapter, whether by transfer from another schedule or otherwise." This declaration with a statutory definition for control was included to express congress' intention to limit the exercise of its commerce powers, over interstate incidents of traffic, to controlling the list creating uniformity among federal and state controlled substance schedule under Title 21 U.S.C. §811-814.

Therefore, in summary, the Control Substance Act expressed the intent to control intrastate incidents of traffic by controlling the list of substance and not the decision whether to define and punish offenses, within the jurisdiction of the several States, related to controlled substances on the federally controlled list.

iii.    Title 21 United States Code is a criminal statute of the United States limited in application to the territorial boundaries defined in Title 21 United States Code § 802. See "The criminal jurisdiction of the United States is based in the territorial principle" and "is wholly statutory" United States v. Hudson, 11 U.S. 327, Cranch, 32, 3 L.ed 259. The Supreme Court has defined these places to be purchased by the consent of the state for the erection of forts, magazines, arsenals, dockyards, and other needful buildings. United States v. Unzeuta, 281 US 138. To determine if a place in the Several States is subject to the criminal jurisdiction of the United States for the purpose of § 802 one simply needs to determine whether the alleged place has been purchased by the consent of the state for one of the above prescribed purpose.

iv.    Therefore, the federal criminal jurisdiction under the Control Substance Act is territorial; the "Offense and Penalties Statute" enactment pursuant to the Tertiary Powers inhibit the preemption of State law as it relates to the domestic relation between the several States and the citizens thereof; and interstate commerce is not an element of the prohibition against possession and distribution making Title 21 United States Code Sections 846 and 841 a local action limited in application to places subject to the jurisdiction of the United States.

4. **Criminal Conspiracy and Interstate Commerce**

i.    If we apply the statutory definition of the United States prescribed in Title 21 United States Code section 802(28) then this requirement reads: "if conspiracy is designed to have a criminal effect within places or waters, continental or insular, subject to the jurisdiction of the United States."

ii.    It is submitted here that the District Courts has jurisdiction over conspiracy cases and all those proved to be conspirators if the conspiracy is designed to have criminal effects within the United States and if there is sufficient proof that at least one of the conspirators committed Overt Acts in furtherance of conspiracy within the territorial jurisdiction of District Court. "United States v. Winter 509

F.2d 975. Thus, the first and paramount requirement is the conspiracy must be designed to have a "criminal effect within the United States."

The Count One of the indictment only designates an alleged criminal effect in places that are clearly subject to the jurisdiction of the State of Georgia and not the United States and hence the interstate element is missing. Thus, Count one fails to state an offense invoking the jurisdiction of the District Courts.

iii.   Further, interstate commerce as alleged by the Government is not applicable in this case. In United States V. Boyer 85 f.425, it was held by the Hon'ble court that when the interstate commerce begins is determined, not by the character of the commodity, nor by the intention of the owner to transfer it to another state for sale, nor by his preparation of it for transportation, but by its actual delivery to a common carrier for transportation, or the actual commencement of its transfer to another state. At that time the power and regulating authority of the state ceases and that of congress attaches and continues until it has reached another state and become mingled with the general mass of the property in the latter state. That neither the production or manufacture of articles or commodities which constitute subjects of commerce, and which are intended for trade and traffic with citizens of other states, nor the preparation for their transportation from the state where produced, or manufactured prior to the commencement of the actual transfer or transmission thereof to another state, constitutes that interstate commerce which comes within the regulating power of congress. The decision in Boyer determines the bribery and interstate transportation as two separate jurisdictional issues, the bribery case being subject to the jurisdiction of the State and the interstate transportation being subject to the jurisdiction of the United States. It is pertinent to state here that the Court did not consider it as one federal case because interstate transportation was involved.

iv.   The Court's attention is now drawn to the 5th circuit case decided on March 18, 1920, in which an individual purchased liquor in one state and transported it to

another state. Similar to the findings in Boyer, in United States v. Collins 263 F 257 the 5th circuit held the that the purchase and possession of liquor in Louisiana was subject to the State jurisdiction, the interstate transportation of liquor was subject to the federal government's jurisdiction once the transportation commenced, and the possession of liquor in Texas was subject to the jurisdiction of the State of Texas.

v.      The findings of Boyer and Collins render the allegations of Texas, California and the US Mail irrelevant in regards to the jurisdiction over the present offense.

vi.     Hence, the analysis of Boyer and the lack of interstate element eliminate interstate commerce granting the District Court jurisdiction in this case. The moot point is whether the offenses in the present case occur in a place subject to the jurisdiction of the United States.

Therefore, the Moving defendant submits that the Boyer and Collins analysis supports the contention that this Court is without jurisdiction over this case pursuant to the Interstate Commerce Clause as all the alleged offenses and acts occurred within the jurisdiction of the State of Georgia only and hence the District Court for the Middle District of Georgia lacks jurisdiction to proceed against the Petitioner and keep him under supervised release conditions in the present case.

## PRAYER FOR RELIEF

Wherefore, the Petitioner, Christopher Darkins, prays for the following relief:

i.      Assume jurisdiction over the case;

ii.     Issue an order directing the Respondents to show cause why the writ should not be granted;

iii.  Grant the writ of Habeas Corpus and order the dismissal directing the United States District Court for the Middle District of Georgia to dismiss the Count one of indictment against the Petitioner in criminal case no. 5:15-CR-35-MTT-27, titled as United States of America vs James Maxwell et al, the Petitioner be discharged and released from supervised release conditions in the above mentioned case

iv.  Grant such other relief as this Honorable Court deems necessary, appropriate, and proper.

Respectfully submitted

Christopher Parkins

9906 Adeline Lane
Houston TX 77054
9424-653-6258

**DECLARATION UNDER PENALTY OF PERJURY**

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: *March 24, 2017*

Signature of Petitioner

**CRIMINAL MINUTES**
**UNITED STATES DISTRICT COURT**
**HONORABLE CHARLES H. WEIGLE, Presiding**

************************************************************************

CASE NUMBER: **5:15-CR-00035-027-MTT**        DATE **September 28, 2016**

COURTROOM DEPUTY: Charlene A. Lunsford   COURT REPORTER: Darlene Fuller
                                         TIME IN COURT: 10:00-10:05 AM
                                         11:36-12:12 PM

USPO: **Donnie Allen**        INTERPRETER **N/A**

STYLE OF CASE: U.S. V. **CHRISTOPHER DARKINS**

AUSA: **Charles Calhoun**   DEFENSE COUNSEL: **Pro-Se; Nicole Williams, Stand-by
counsel**

DEFENDANT(S):  Present  **X**   Not Present_____ On Bond____ In Custody _____

REASON FOR HEARING:  **MOTION FOR BOND [471] filed by Defendant Darkins.**
Discussion in re: bond. Judge inquires into whether or not defendant is now willing to give
information to the USPO, so that a bail report can be done. Defendant is willing to do so. We
adjourned Court until 11:30 a.m. to give USPO time to present a report to the Court. Upon
review of the bail report, government recommends a $15,000 unsecured bond. Judge questions
defendant in re: what business does he have; where he will be living? Judge orders that
defendant be released on a $20,000 unsecured bond, with restrictions on travel to the States of
GA and TX; except that business travel must be approved by supervising officer.  AUSA
Calhoun asks if defendant ever arraigned. Judge reviewed docket and determines that deft was
arraigned, but there is no written plea sheet. Darkins states that the record is clear on this. Out
of the abundance of caution, Judge will issue an Order on the not guilty plea.

RESULT OF HEARING:  Judge orders release of defendant on a $20,000 Unsecured Bond.
Orders that passport must be located and turned over to USPO. Written Order to follow in re:
Not Guilty Plea.

AO 199A (Rev. 12/11) Order Setting Conditions of Release                                   Page 1 of ___3___ Pages

# UNITED STATES DISTRICT COURT

Filed at ___11:46___ M
___9/28___.20_16_

DEPUTY CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA

for the

Middle District of Georgia

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No. 5:15-CR-00035-027-MTT |
| CHRISTOPHER DARKINS | ) | |
| *Defendant* | ) | |

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1)  The defendant must not violate federal, state, or local law while on release.

(2)  The defendant must cooperate in the collection of a DNA sample if it is authorized by 42 U.S.C. § 14135a.

(3)  The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.

(4)  The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.

The defendant must appear at: _____
                                                                                        *Place*

_____

on  _____
                                                        *Date and Time*

If blank, defendant will be notified of next appearance.

(5)  The defendant must sign an Appearance Bond, if ordered.

AO 199B  (Rev. 12/11)  Additional Conditions of Release                                                    Page  2  of  3  Pages

# ADDITIONAL CONDITIONS OF RELEASE

IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

( ☐ )  (6)   The defendant is placed in the custody of:

Person or organization

Address (only if above is an organization)

City and state                                                                          Tel. No.

who agrees to (a) supervise the defendant, (b) use every effort to assure the defendant's appearance at all court proceedings, and (c) notify the court immediately if the defendant violates a condition of release or is no longer in the custodian's custody.

Signed:

_____                          _____
                                                                  Custodian                                    Date

( ☒ )  (7)   The defendant must:

( ☒ )  (a)   submit to supervision by and report for supervision to the   *US*
                 telephone number                          , no later than

( ☐ )  (b)   continue or actively seek employment.

( ☐ )  (c)   continue or start an education program.

( ☒ )  (d)   surrender any passport to:   *US Probation Office*

( ☐ )  (e)   not obtain a passport or other international travel document.

( ☒ )  (f)   abide by the following restrictions on personal association, residence, or travel:   *Georgia, Texas*
                 *Business travel with prior approval of supervision office*

( ☐ )  (g)   avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution, including:

( ☐ )  (h)   get medical or psychiatric treatment:

( ☐ )  (i)   return to custody each                          at                      o'clock after being released at                      o'clock for employment, schooling,
                 or the following
                 purposes:

( ☐ )  (j)   maintain residence at a halfway house or community corrections center, as the pretrial services office or supervising officer considers necessary.

( ☐ )  (k)   not possess a firearm, destructive device, or other weapon.

( ☐ )  (l)   not use alcohol ( ☐ ) at all ( ☐ ) excessively.

( ☒ )  (m)   not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a medical practitioner.

( ☒ )  (n)   submit to testing for a prohibited substance if required by the pretrial services office or supervising officer.  Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing.  The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing.

( ☒ )  (o)   participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the pretrial services office or supervising officer.

( ☐ )  (p)   participate in one of the following location restriction programs and comply with its requirements as directed.
                 ( ☐ )  (i)   Curfew.  You are restricted to your residence every day  ☐  from                      to                      , or ( ☐ ) as
                               directed by the pretrial services office or supervising officer; or
                 ( ☐ )  (ii)   Home Detention.  You are restricted to your residence at all times except for employment; education; religious services;
                               medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or
                               other activities approved in advance by the pretrial services office or supervising officer; or
                 ( ☐ ) (iii)   Home Incarceration.  You are restricted to 24-hour-a-day lock-down at your residence except for medical necessities
                               and court appearances or other activities specifically approved by the court.

( ☐ )  (q)   submit to location monitoring as directed by the pretrial services office or supervising officer and comply with all of the program requirements and instructions provided.
                 ( ☐ )  You must pay all or part of the cost of the program based on your ability to pay as determined by the pretrial services office or supervising officer.

( ☐ )  (r)   report as soon as possible, to the pretrial services office or supervising officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.

( ☐ )  (s)

AO 199C  (Rev. 09/08) Advice of Penalties                                                          Page    3    of    3    Pages

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

     Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

     While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (*i.e.*, in addition to) to any other sentence you receive.

     It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

     If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

    (1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;

    (2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;

    (3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;

    (4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.

     A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgment of the Defendant

     I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
*Defendant's Signature*

Houston                TX
_____        _____
                       *City and State*

### Directions to the United States Marshal

( ☒ ) The defendant is ORDERED released after processing.

( ☐ ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date: September 28, 2016
_____
*Judicial Officer's Signature*

CHARLES H. WEIGLE, UNITED STATES MAGISTRATE JUDGE
*Printed name and title*

DISTRIBUTION:   COURT   DEFENDANT   PRETRIAL SERVICE   U.S. ATTORNEY   U.S. MARSHAL

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF GEORGIA
2016 AUG 12    MACON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 5:15-CR-35-MTT-27 |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER DARKINS | : | |
| | : | |
| | : | |
| Defendant | : | |

## MOTION TO QUASH THE ARREST WARRANT AND COUNT ONE OF THE INDICTMENT

COMES NOW, Christopher Darkins, in his own proper person, for the sole purpose to move this Court to quash this arrest warrant and Count One of the Indictment in the above titled case because it fails to establish probable cause for the arrest and a basis for the exercise of Jurisdiction over Mr.Darkins. In support of this motion Mr.Darkins states the following:

On September 9, 2015, Defendant Christopher Darkins, was charged in a fourteen (14) count indictment with thirty-one (31) defendants. Doc. 1. Darkins is named only in Count One of the indictment which charges Conspiracy to Possess with Intent to Distribute Marijuana in the Macon Division in the Middle District of Georgia in violation of Title 21, United States Code, Sections 846 i/c/w Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(vii), and Title 18, United States Code, Section 2. Doc. 1 at 1-2. Darkins is also named in the General Forfeiture Notice as to All Defendants. Doc. 1 at 11-13.

On September 11th 2015 an arrest warrant was issued to arrest Christopher Darkins based on Count one of the Indictment. This arrest warrant was executed on February 23rd, 2016 at Houston, Texas. Doc 352-2. Mr.Darkins is currently being held under the existing warrant in Crisp County Jail in Cordele, GA.

On November 4th, 2015 Mr.Darkins filed a Plea to the Jurisdiction challenging the District Courts jurisdiction over Mr.Darkins. On March 1st, 2016,

US District Court Judge Mark Treadwell for the Middle District of Georgia issued an ORDER denying Mr.Darkins Plea to the Jurisdiction stating "defendant Darkins has filed a Plea to the Jurisdiction which the court construes as a Motion to Dismiss the Indictment for Improper Venue".

Mr.Darkins continued objection to this Court's jurisdiction has been noted on the record in every proceeding.

## II.  ARGUMENT AND CITATION Of AUTHORITY

Mr.Darkins is charged with the inchoate strict liability offense of conspiracy to possess marijuana with the intent to distribute in the Macon Division in the Middle District of Georgia in violation of Title 21 United States Code § 846 i/c/w, § 841(a)(1), and § 841(b)(1)(B)(vii). The cause of action (purpose and object of the conspiracy) being the intended possession with the intent to distribute. Mr.Darkins is joined in this cause of action due to the alleged commission of an overt act. However, the overt act is of no consequence when the cause of action is alleged to have accrued within the jurisdiction of the state of Georgia and is not an offense cognizable by the criminal laws of the United States.

Title 21 United States Code § 846 i/c/w, § 841(a)(1), and § 841(b)(1)(B)(vii) are criminal statutes of the United States limited in application to the territorial boundaries defined in Title 21 U.S.C. § 802. See "The criminal jurisdiction of the United States is based on the territorial principle" and "is wholly statutory" United States v. Hudson.[1] The Supreme Court has defined these places to be those purchased by the consent of the state for the erection of forts, magazines, arsenals, doc-yards, and other needful buildings. United States v. Unzeuta[2]. To determine if a place in the Several States is subject to the criminal jurisdiction of the United States for the

---

[1] 7 Cranch, 32, 3 L. ed 259,

[2] 281 U.S. 138, Places in the several states subject to the jurisdiction of the United States are those places purchased by the consent of the legislature of the state in which the same shall be for the erection of forts, magazines, arsenals, doc-yards, and other needful buildings.

Title 21 U.S.C. § 802 – when used in a territorial sense – all places and waters, continental or insular, subject to the jurisdiction of the United States

purposes of § 802 one simply needs to determine whether the alleged place has been purchased by the consent of the state for one of the above prescribed purposes.[3]

Count One of the indictment in question states that Mr.Darkins conspired to possess marijuana "in the Macon division in the Middle District of Georgia, and elsewhere within the jurisdiction of this court". Title 28 U.S.C. § 90(b)(2) defines[4] the Macon Division of the Middle District of Georgia as seventeen (17) counties within the jurisdiction of the State of Georgia. When the statutory definition of the Macon Division for the Middle District of Georgia is considered in its aggregate and composite parts it does not constitute a place or places purchased by the consent of the state for any of the prescribed purposes above or the definition of the United States in § 802.[5]

Due to the aforementioned reasons this court must conclude that the alleged cause of action, the object and purpose of the conspiracy, accrued within the jurisdiction of the state outside the jurisdiction of the United States District Court for the Middle District of Georgia pursuant to Title 21 § 846, i/c/w, § 841(a)(1), and § 841 (b)(1)(B)(vii). To wit, Mr.Darkins is charged with conspiracy to commit an offense not cognizable by the District Court for the Middle District of Georgia. See United States v. Conrad.[6] This inevitable conclusion is not based upon a want of power in

---

[3]"When the United States acquires land within a state in any other way than by purchase with its consent, {for} forts, arsenals, or other public buildings erected thereon for the use of the general government, as instrumentalities for the execution of its powers, will be free from any such interference and jurisdiction of the state that will destroy or impair their effective use for the purposes designed. But when not used as such instrumentalities, the legislative power of the state over the place acquired will be as full and complete as any other place within its limits." Fort leavenworth R.R. Co. v Lowe 114 U.S. 525

[4] "Macon division of the Middle District of Georgia" defined Title 28 U.S.C. § 90(b)(2) as the following counties: Baldwin, Bibb, Bleckley, Butts, Crawford, Hancock, Houston, Jasper, Lamar, Monroe, Peach, Pulaski, Putman, Twiggs, Upson, Washington, Wilkinson

[5] "United States" defined Title 21 U.S.C. § 802 – when used in a territorial sense – all places and waters, continental or insular, subject to the jurisdiction of the United States

[6] When the crime charged is conspiracy to do a criminal act it must be shown that the act which is the purpose and object of the conspiracy is itself a violation of the law. United States v. Conrad citing US v. Boyer 85 Fed.425

"The penal laws must be strictly construed, and if there is any doubt concerning the application of a criminal statute, it must be resolved in favor of the defendant." Williamson v. United States 207 U.S. 425

congress to define and punish the crime charged, but upon the grounds that the statute did not apply because the alleged place of the offense is not out of the jurisdiction of the state. United States v. Florence.

## III. LACK OF PROBABLE CAUSE

Mr.Darkins has a Fourth Amendment right to be free from arrest by a Warrant not supported by probable cause and hereby contends that Count one of the Indictment does not affirmatively assert sufficient allegations for a prudent man to believe Mr.Darkins or any of his alleged co conspirators possessed or intended to possess marijuana with the intent to distribute in a place or waters subject to the jurisdiction of the United States. Mr.Darkins hereby contends that the arrest warrant is invalid and should be quashed.

## IV. LACK OF JURISDICTION

Mr.Darkins has a Fifth Amendment right to be free from jeopardy except by the due course of the law of the land. Count one of the Indictment attempts to apply a federal criminal statute to a criminal act that is alleged to have occurred wholly within the jurisdiction of the State of Georgia which is outside the criminal jurisdiction of the United States thus not cognizable by this court and should be quashed[7].

---

[7] "The penal laws must be strictly construed, and if there is any doubt concerning the application of a criminal statute, it must be resolved in favor of the defendant." Williamson v. United States 207 U.S. 425

## V. CONCLUSION

For the foregoing reasons, Mr.Darkins submits that this court is without jurisdiction to hold Mr.Darkins for trial and respectfully requests a judgment whether this court can or will take further cognizance of this action.

Respectfully submitted,

on the day of August 9th, 2015

s/ Christopher Darkins

Pro se
Inmate #154270
Crisp County Detention Center
196 Hwy. 300 South
Cordele, Ga 31015

## UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

### CERTIFICATE OF SERVICE

UNITED STATES OF AMERICA        vs.    CHRISTOPHER DARKINS

I certify that on August 9th, 2016
A true and correct copy of the foregoing : MOTION TO QUASH
With first class postage prepaid, has been deposited in the U.S, Mail

And properly addressed to the persons whose names and addresses are listed below:

_____

US Attorney G.F. Peterman   201 West Broad Avenue   Albany, GA  31701

U.S. DISTRICT COURT FOR THE MIDDLE DISTRICT OF GEORGIA MACON
DIVISION     475 MULBERRY ST    MACON, GA 31202

s/ Christopher Darkins

_____

## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 5:15-CR-35-MTT-27** |
| | : | |
| **v.** | : | |
| | : | |
| **CHRISTOPHER DARKINS** | : | |
| | : | |

## RESPONSE TO DEFENDANT CHRISTOPHER DARKINS'
## MOTION TO QUASH ARREST WARRANT AND COUNT ONE OF THE
## INDICTMENT

COMES NOW, the United States of America, by and through its attorney, the United States

Attorney for the Middle District of Georgia, and responds to Defendant, Christopher Darkins'

Motion to Quash Arrest Warrant and Count One of the Indictment. The Government construes

this as a Second Motion to Dismiss based on a Lack of Jurisdiction and respectfully requests that

this Court deny Darkins' Motion.

## I.   FACTS

On September 9, 2015, Defendant Christopher Darkins was charged in a fourteen (14)

count indictment with thirty-one (31) defendants. Doc. 1. Darkins is named only in Count One

of the indictment which charges Conspiracy to Possess with Intent to Distribute Marijuana in

violation of Title 21, United States Code, Section 846 i/c/w Title 21, United States Code, Sections

841(a)(1) and 841(b)(1)(B)(vii), and Title 18, United States Code, Section 2.  Doc. 1 at 1-2.

Darkins is also named in the General Forfeiture Notice as to All Defendants. Doc. 1 at 11-13.

The charges against Darkins stem from a multi-agency, multi-state investigation into the

distribution of marijuana and cocaine. The Government alleges that kilogram amounts of

marijuana and cocaine were shipped from Texas and California to Macon, Georgia, as well as

other locations within the state, for distribution. Throughout the course of the investigation, a

1

number of wire taps were issued and phone calls were intercepted that verified the transportation by co-conspirators of marijuana and cocaine into the Middle District of Georgia and U.S. currency from the Middle District of Georgia to Texas and California where the suppliers of the marijuana and cocaine were located. In addition, multiple search warrants were executed in Georgia, Texas and California where drugs, firearms and drug proceeds were located.

On October 15, 2015, Darkins filed an Emergency Petition for Writ of Prohibition with the Eleventh Circuit Court of Appeals. In his Petition, Darkins claimed that the indictment lacked sufficient facts to establish proper jurisdiction and to inform him of the charges against him. The Eleventh Circuit entered an order denying his Petition on October 16, 2015, noting that this Court was the proper place to make such challenges.

On November 4, 2015, Darkins filed a Plea to the Jurisdiction to the District Court. Doc. 255. The Government construed this filing as a Motion to Dismiss for Lack of Jurisdiction. The Government based this on Darkins' statement that "this court ought not to have or take further cognizance of the action aforesaid" and further stated the action accrued out of the jurisdiction of this Court. Doc. 255 at 1.   Additionally, the Petition Darkins filed with the Eleventh Circuit also claimed that jurisdiction was not proper in the Middle District of Georgia. On December 7, 2015, the Government filed a response to Darkins' motion. Doc. 273. On February 12, 2016, The Court ordered the parties to appear in court on February 25, 2016 to address Darkins' Motion asserting the Court lacked jurisdiction. Doc. 331. On March 1, 2016, the Court denied Darkins' Motion to Dismiss. Doc. 347.

On August 12, 2016, Darkins filed a second motion he titled Motion to Quash the Arrest Warrant and Count One of the Indictment. Doc.425. Darkins allegations are essentially the same as those already addressed by the Court and denied on March 1, 2016. Doc. 347. Darkins continues

2

to claim that the United States does not have jurisdiction over the crime for which he is charged. In this current version, Darkins asserts that the criminal acts, if any, took place within the State of Georgia which he considers to be outside the jurisdiction of the Middle District of Georgia Macon Division. Doc. 425 at 2. Darkins next surmises that if the indictment against him is based on criminal conduct for which the Government has no jurisdiction, the arrest warrant lacks probable cause and is invalid. Doc. 425 at 4. Darkins' Motion is not only meritless but also duplicative as this Court has already considered and rejected his claims, ducted an been addressed by the Court and denied. Doc. 347.

## II.   ARGUMENT AND CITATION TO AUTHORITY

"[T]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231. Violations of Title 21 U.S.C. § 846 i/c/w/ Title 21 U.S.C. § 841(a)(1) and 841 (b)(1)(B)(vii) are offenses against the laws of the United States of which the Middle District of Georgia is a part of. It is well settled law that federal prosecutors have the authority to enforce drug laws under the Comprehensive Drug Abuse, Prevention and Control Act of 1970. A plethora of courts have upheld the statute upon which Darkins has been indicted regardless of whether the criminal acts took place entirely within a state. United States v. Lopez, 459 F.2d 949, 952-53 (5th Cir.), cert. denied. 409 U.S. 878,93 S.Ct. 130, 34 L.Ed. 2d 131(1972). See Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981); United States v. Rodriguez- Camacho, 468 F.2d 1220 ( 9th Cir. 1972)(held as valid federal prosecution of a conspiracy to manufacture and distribute marijuana even if the distribution took place intrastate); United States v. Lerebours, 87 F.3d 582, 584-85 (1st Cir. 1996) ( upheld the federal criminalization of intrastate drug dealing under the Commerce Clause) ; United States v. Bernard, 47 F.3d 1101 (11th Cir. 1995) (The Commerce Clause authority

includes the power to criminalize conduct which, although not committed while on federal property, has an actual impact on interstate commerce). It is also well-settled law that the Government has the power to prosecute every member of a conspiracy that takes place in the United States. Ford v. United States, 273 U.S. 593, 620-24, 47 S.Ct. 531, 540-41, 71 L.Ed. 793 (1927). "[A]ny offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237(a). Thus, a continuing offense, such as conspiracy to possess with intent to distribute marijuana, "may be tried in any district in which the crime took place." *United States v. Davis*, 666 F.2d 195, 199 (5th Cir. 1982). "If the Government shows by a preponderance of the evidence that the crime was committed in the trial district, both territorial jurisdiction and proper venue are established. The question [ ] then, is whether, viewing the evidence in the light most favorable to the Government and making all reasonable inferences and credibility choices in favor of the jury verdict, the Government proved by a preponderance of the evidence that the (crimes) occurred within the Middle District of (Georgia)." *Id.* (internal quotations and citations omitted). Furthermore, venue in a conspiracy may be established though the actions of co-conspirators. *Id.* at 200.

The Government incorporates by reference the facts alleged in its response to Darkins' First Motion to Dismiss. Doc. 273. In Darkins' first motion to dismiss, Darkins appeared to argue that every overt act of the conspiracy attributable to him occurred outside the jurisdiction of the Court. The Government responded by illustrating a number of overt acts that took place in the Middle District of Georgia and provided proper venue for prosecution. Doc. 273 at 3.

In his second motion, Darkins appears to argue the Government lacks jurisdiction because the overt acts took place in the State of Georgia and not on federal land. Doc. 425 at 2-3. The

4

Government thus construes Darkins' Second Motion to Dismiss the Indictment as a Tenth
Amendment challenge to jurisdiction of the Government to enforce federal drug laws within the
state of Georgia. As it relates to illegal drug cases, the case law is clear that the federal government
has the authority to prosecute drug cases even if all of the illegal acts took place within a single
state. Lopez, 459 F.2d 949, 952-53. In the case at bar, the facts of the case show that Darkins and
30 additional conspired to distribute marijuana. The suppliers of the marijuana were located in
Texas and California. Some of the marijuana was sent by U.S. mail to conspirators who would
then parcel it out for resale in the Middle District of Georgia and elsewhere. Telephone calls were
intercepted between conspirators ordering the marijuana and arranging payment to the suppliers.
Payment to the suppliers for the drugs took place in various forms: individuals deposited cash into
bank accounts of conspirators located in Texas and elsewhere; couriers were sent by plane to
deliver cash and sometimes conspirators drove cross country to deliver payment and return with
illegal drugs for resale in the Middle District of Georgia. As a result, Darkins' assertions are not
only factually incorrect but irrelevant given the case law.

Darkins' reliance on United States v. Unzueta, 281 U.S. 138, 50 S.Ct.284, 74 L.Ed. 761
(1930) and United States v. Boyer, 85 F. 425 (Circuit Court W.D. Missouri Division, 1898) is
misplaced. Neither Unzueta nor Boyer address jurisdictional issues involving conspiracy to
distribute illegal drugs. Unzueta is a murder case that took place on a railway located on federal
land. The court held that the state had no jurisdiction to prosecute the murder case because it had
ceded the lands to the United States. When this case was decided in 1930, criminal federalization
of drug laws by Congress enabling the federal government to prosecute illegal drug cases did not
exist. The Comprehensive Drug Abuse Prevention and Control Act was enacted in 1970. The Act

5

enables the federal government to prosecute drug cases regardless of whether the criminal acts took place solely intrastate.

Boyer is an 1898 bribery case out of Missouri alleging that Mr. Boyer tried to bribe a meat inspector in a Missouri slaughter house to allow carcasses to be made into sausages and other food products. The judge surmised then that attempting to bribe the federal inspector as alleged in the indictment did not constitute a crime because the bribe would have been for a duty that his job did not impose. Boyer, 85 F. 425, 428. The court also stated that interstate commerce did not begin until the carcass was actually delivered out of state or the actual commencement of transportation and not before. Id. at 435. The Government surmises that this narrow interpretation of the Commerce Clause in Boyer would most likely not be upheld today by any appellate court; However even if the holding was upheld, Boyer's holding is not controlling authority in this district.

Darkins next argues the arrest warrant lacked probable cause, again because the government has no jurisdiction over the locations where the overt acts of the conspiracy took place and concludes therefore the arrest warrant must be quashed. Doc. 425 at 4. Darkins claims the indictment is deficient because it fails to provide sufficient information to inform a prudent man of the nature of the charges. Doc. 425 at 4. The Government has addressed the jurisdictional issues raised by Darkins supra and will now only address the second prong and third of his argument.

The indictment against Darkins satisfies the requirements set forth by law. Federal Rule of Criminal Procedure 7(c)(1) provides that an indictment must be plain, concise and contain the essential elements of the offense. The indictment must also be signed by an attorney for the Government. The indictment against Darkins and his co-conspirators tracks the language of the appropriate statues; lists these statutes and advises the Defendant of the elements of the offense,

6

i.e. conspiracy to possess with intent to distribute marijuana. Courts have held that an indictment that tracks the language of the appropriate statute which provides him the information will pass constitutional muster. United States v. Fern, 155 F.3d 1318 (11th Cir. 1998); United States v. Young, 616 F.2d 618 F.2d 1281, 1286 (8th Cir. 1980).

The Indictment against Darkins more over informed him that he is charged with Conspiracy to Possess with Intent to Distribute Marijuana in Count One in capital letters even before Darkins reads the actual indictment any further, he knows the nature of the charge against him. Darkins is also told that the conspiracy charge involves himself and at least 30 conspirators listed by name. Darkins is informed that the criminal activity or overt acts took place in the Macon Division of the Middle District of Georgia and elsewhere; he is provided with the time frame and duration of the conspiracy, that is from on or about January 1, 2012 to on or about October 31, 2014, Darkins is also told the elements of the crime, namely that he conspired with others to unlawfully, intentionally and knowingly possess a Schedule I Controlled Substance that being marijuana and that the object of the conspiracy was to distribute the marijuana and the indictment also states that the amount of marijuana in question was over 100 kilograms. Lastly the indictment lists the statutes violated. Doc.1. Darkins assertion that he does not understand what he is charged with calls into question his ability to represent himself at trial given the fact that the language of the indictment is simple and concise.

Darkins also alleges the arrest warrant must be quashed because it lacks probable cause. All that is required by Federal Rule of Criminal Procedure 4(b) is that the arrest warrant contain the name of the defendant, describe the offense charged against him, command that the defendant be arrested and brought before a magistrate judge without unreasonable delay and that the arrest warrant was signed by a judge. Contrary to Darkins' assertion the arrest warrant need not state

probable cause in order to serve the arrest warrant. Probable cause was determined when the Grand Jury returned an indictment against him and his co-conspirators. The Indictment in this case was presented to a Grand Jury empaneled in the Middle District of Georgia and after considering the evidence presented, returned a True Bill. A True Bill of Indictment provides probable cause upon which a valid arrest warrant shall be issued. Federal Rule of Criminal Procedure 9(a) mandates the court to issue an arrest warrant for each defendant named in the indictment. Darkins was arrested pursuant to a valid arrest warrant issued upon receipt of a True Bill of Indictment. "[A]n indictment fair upon its face, and returned by a properly constituted grand jury...conclusively determines the existence of probable cause to believe the defendant perpetrated the offense alleged." United States v. Kaley, __ U.S.__, 134 S.Ct. 1090, 1097 (2014).

The Government submits that the Indictment in this case was properly brought in the Middle District of Georgia Macon Division, is a valid Indictment based on a finding of probable cause by members of the Grand Jury and an Indictment that plainly informs Darkins of the crime he has been charged with in compliance with the law.

## III.   CONCLUSION

For the foregoing reasons, the Government submits that sufficient evidence exists to establish jurisdiction in the Middle District of Georgia, and respectfully requests that this Court deny Darkins' Second Motion to Dismiss Jurisdiction.

Respectfully submitted, this 24th day of August, 2016.

G.F. PETERMAN, III
UNITED STATES ATTORNEY
MIDDLE DISTRICT OF GEORGIA

BY:     *s/Tamara A. Jarrett*
        TAMARA A. JARRETT
        Assistant United States Attorney
        Georgia Bar No. 389629
        United States Attorney's Office
        Middle District of Georgia
        P.O. Box 1702
        Macon, Georgia 31202
        Telephone: (478) 752-3511

9

## CERTIFICATE OF SERVICE

I, TAMARA A. JARRETT, Assistant United States Attorney, hereby certify that I filed the within and foregoing ***RESPONSE TO DEFENDANT CHRISTOPHER DARKINS' SECOND MOTION TO DISMISS THE INDICTMENT FOR LACK OF JURISDICTION*** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of record.

This the 24th day of August, 2016.

G.F. PETERMAN, III
ACTING UNITED STATES ATTORNEY
MIDDLE DISTRICT OF GEORGIA

BY:   *s/ TAMARA A. JARRETT*
      TAMARA A. JARRETT
      Assistant United States Attorney
      Georgia Bar No 389629
      United States Attorney's Office
      Middle District of Georgia
      P.O. Box 1702
      Macon, Georgia 31202
      Telephone: (478) 752-3511

RECEIVED
CLERK'S OFFICE

**IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

2016 SEP -7  PM 1:44

U.S. DISTRICT COURT
M

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 5:15-CR-35-MTT-27** |
| | : | |
| **v.** | : | |
| | : | |
| **CHRISTOPHER DARKINS** | : | |
| | : | |
| | : | |
| **Defendant** | : | |

## REPLY TO GOVERNMENTS RESPONSE TO DEFENDANT CHRISTOPHER DARKINS MOTION TO QUASH ARREST WARRANT AND COUNT ONE OF THE INDICTMENT

COMES NOW, Christopher Darkins, in his own proper person, for the sole purpose of replying
to the Government's Response to Christopher Darkins Motion to Quash Arrest Warrant and
Count One of the Indictment on the grounds it fails to state an offense[1] that invokes the
Jurisdiction of this court thus voiding the warrant and proceedings. Mr. Darkins respectfully
request that this Court GRANT this Motion.

## FACTS

On September 9, 2015, Defendant Christopher Darkins, was charged in a fourteen (14)
count indictment with thirty-one (31) defendants.  Doc. 1.  Mr. Darkins is named only in Count
One of the indictment which charges that from on or about January 1, 2012 to on or about
October 31, 2014 in places subject to the legislative authority and jurisdiction of the State
of Georgia (Middle District of Georgia), did conspire with others to unlawfully, intentionally,
and knowingly possess with Intent to Distribute a schedule 1 controlled substance in violation
of Title 21, United States Code, Sections 846 i/c/w Title 21, United States Code, Sections
841(a)(1) and 841(b)(1)(B)(vii), and Title 18, United States Code, Section 2.

Title 18 United States Code section 3231 states "The District Courts of the United States
shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the
laws of the United States."

---

[1] Federal Rules of Criminal Procedure 12(b)(3)(B)(v)

Title 21 Unites States Code section 802 (28)[2] limits the territorial application of Title 21 United States code, §§§ 846 i/c/w , 841(a)(1) and 841 (b)(1)(B)(vii) to Overt Acts that are designed to have a criminal effect in places and waters subject to the jurisdiction of the United States.

On November 4th, 2015 Mr.Darkins filed a Plea to the Jurisdiction. Doc 255. On March 1st, 2016, the court construed Mr.Darkins Plea as a Motion to Dismiss the Indictment for Improper Venue pursuant to 12(b)(3)(A)(i) and DENIED the Plea assessing the sufficiency of the indictment from the context of venue. Doc 347.

On August 12, 2016 Mr.Darkins filed a Motion to Quash the Arrest Warrant and Count One of the indictment. Doc. 428. Mr.Darkins contends that the indictment fails to state an offense invoking the courts jurisdiction over the subject matter and defendant because it alleges the conspiracy to possess with the intent to distribute marijuana intended to have a criminal effect within places subject to the jurisdiction and legislative authority of the State of Georgia and not places subject to the jurisdiction of the United States which is a necessary element to constitute an offense against the laws of the United States and invoke the District Courts Original Jurisdiction pursuant to Title 18, United States Code, Section 3231. Doc 425 2-3. Mr.Darkins further asserts the indictments failure to state an offense cognizable under the laws of the United States is a fatal defect in the indictment invalidating the Arrest Warrant. Doc 425 at 4.

## THE GOVERNMENT'S RESPONSE

The Government's Response endeavors to obfuscate the particular issue that needs to be addressed. Mr. Darkins claims that this court lacks jurisdiction and the Arrest Warrant is invalid because Count One of the Indictment fails to state an offense [3] against the laws of the United States. Mr.Darkins contends that this court's Criminal Jurisdiction over the alleged conspiracy to possess with the intent to distribute is based on the territorial principle making the **Place** of the offense an essential element to invoke the court's Original Jurisdiction[4] in contrast to Venue. The Government surmises that the court's Criminal Jurisdiction lies in the Commerce Clause and the allegations of **Place** is a superfluous element of the offense used solely in the Indictment for the

---

[2] Title 21 U.S.C. § 801(28) The term "United States", when used in a geographic sense, means all places and waters, continental or insular, subject to the jurisdiction of the United States.
[3] Federal Rules of Criminal Procedure 12(b)(3)(B)(v)
[4] Title 18 U.S.C § 3231

purpose of establishing Venue. In support of the Government's Commerce claim a Response
Motion was filed on August 25th, 2016. Doc. 442.

     The Government argues that the Comprehensive Drug Abuse Prevention and Control act
of 1970 expanded the federal governments criminal jurisdiction (police powers) outside of its
pre-existing constitutional limits into places subject to the jurisdiction and legislative authority of
the several States. Doc.442 at 2. The Government then argues that the Supreme Court
precedents, articulating the character of places within the several States that are subject to the
jurisdiction of the United States, should be overruled in this case because they are old and don't
take into account the federal government's ability to prosecute illegal drug cases. Doc 442 at 5.
The Government next postulates that the nature of drug conspiracy cases has evolved to the point
where the government no longer has to prove the object and purpose of the conspiracy is a
violation of the law in order to prosecute individuals for Overt Acts in the furtherance of the
groups object and purpose. Doc. 442 at 5-6. The government then guesses that no appellate court
would uphold a circuit court precedent stating that items possessed and sold intrastate only
become subject to interstate commerce when they are committed for shipping and begin
transportation out of the state; and even if it was upheld this court should disregard it because it
destroys the basis for jurisdiction pursuant to the interstate commerce clause and is not a
controlling authority in this district. Doc 442 at 6.

     Lastly the Government suggest that the failure to state an offense against the laws of the
United States does not invalidate an arrest warrant if the proper procedural steps were taken.
Doc. 442 at 6-7.

ARGUMENT AND CITATION OF AUTHORITY

ORIGINAL JURISDICTION (DOC. 442 AT 3)

     The Government's attorney cites 18 U.S.C § 3231 stating "[T]he District Courts of the
United States have original jurisdiction, exclusive of the State, of all offenses against the Laws of
the United States" and then goes on to state "violation of Title 21 U.S.C. §§§ 846 i/c/w,
841(a)(1), and 841(b)(1)(B)(vii) are offenses against the laws of the United States of which the
Middle District of Georgia is a part of. Doc 442 at 3. The paramount point encapsulated in this
recitation of statue and if-then inferences is that the "District Courts... have Original
Jurisdiction... of all offenses against the laws of the United States." Title 21 § 802 (28) dictates

that the conspiracy must be designed to have criminal effect within places or waters subject to the jurisdiction of the Unites States. The indictment alleges that the Defendants conspiracy was designed to possess with the intent to distribute marijuana in places subject to the jurisdiction and legislative authority of the State of Georgia. To wit the indictment fails to state an offense against the laws of the United States invoking the District Courts Original Jurisdiction pursuant to Title 18, United States Code, Section 3231. In fact, the Government's comments in its Response Motion suggest that they have a lack of certainty as to whether Count One is referring to criminal effect or the Overt Acts. "Darkins is informed that the **criminal activity or Overt Act** took place in the Macon Division in the Middle District of Georgia and else where". Doc. 442 at 7.

Furthermore, the government conveniently omits the remainder of Title 18 U.S.C. § 3231 which states "nothing in this title shall be held to take away or **impair** the jurisdiction of the Courts of the several States under the laws thereof." The Supremacy Clause of the United States Constitution necessarily implies that congress did not intend for the criminal laws of the United States to conflict with the laws operative within the jurisdiction of the several States. The State of Georgia has enacted the Georgia Controlled Substances Act which portends to criminalize the unlawful possession with the intent to distribute marijuana within the jurisdiction of the State. If Title 21 U.S.C §§ 841(a)(1) and 841 (b)(1)(B)(vii) was intended to criminalize acts occurring within the jurisdiction of the State of Georgia and not confined to places where the federal government has sole and exclusive jurisdiction the jurisdiction of the State Courts would be impaired as they are constitutionally required to yield to the laws and jurisdiction of the United States.

## CONTROL SUBSTANCE ACT (Doc. 442 at 3, 5-6)

The Comprehensive Drug Abuse Prevention and Control Act of 1970 consist of three (3) Titles. Title II is the title in question and is cited as the "Control Substance Act". Title II consists of six (6) parts of which only part A, B, and D are relevant. Part A is "Finding and Declaration" correlating to Title 21 U.S.C §§ 801 and 802; Part B is "Authority to Control" and "Standards and Schedules" correlating to Title 21 U.S.C § 811-814; and Part D is "Offenses and Penalties" correlating to Title 21 U.S.C § 841-865.

The Government's contention that the Controlled Substance Act expanded the federal governments criminal jurisdiction over illegal drugs into places subject to the legislative

authority and jurisdiction of the several States is factually incorrect. Doc 442 at 3. Consistent with Congress' interstate commerce powers Title 21 U.S.C § 801 (6), declared "Federal **control** of the intrastate incidents of the traffic in controlled substances is essential to the effective **control** of the interstate incidents of such traffic." Title 21 U.S.C § 802 (5) "Control" means to add a drug or other substance or immediate precursor, to a schedule under Part B of this subchapter, whether by transfer from another schedule or otherwise." This declaration with a statutory definition for **control** was included to express congress' intention to limit the exercise of its commerce powers, over intrastate incidents of traffic[5], to controlling the list creating uniformity among federal and state controlled substance schedules under Title 21 U.S.C. § 811-814.

Relative to the "Offenses and Penalties" section of the Controlled Substance Act, Title 21 U.S.C. Section 801(7) states "The United States is a party to the Single Convention on Narcotic Drugs, 1961, and other international conventions designed to establish effective control over international and domestic traffic in controlled substances." The Single Convention on Narcotic Drugs, 1961, is a non-self executing treaty that was brought into effect via Title II part D of the Controlled Substance Act which is now Title 21 U.S.C. Sections 841- 865. Article 35[6] and 36[7] of this treaty obligate the United States to adopt and enforce penal provisions, subject to Constitutional limitations of the American legal system and Domestic law. Possession and distribution are listed in 36.1(a) while conspiracy offenses are explicitly mentioned in Article

---

[5] A major portion of the traffic in controlled substances flows through interstate and foreign commerce. Incidents of the traffic which are not an integral part of the interstate or foreign flow, such as manufacture, local distribution, and possession, nonetheless have a substantial and direct effect upon interstate commerce

[6] *Article 35*
ACTION AGAINST THE ILLICIT TRAFFIC
Having due regard to their constitutional, legal and administrative systems, the Parties shall:
a) Make arrangements at the national level for co-ordination of preventive and repressive action against the illicit traffic; to this end they may usefully designate an appropriate agency responsible for such co-ordination;

[7] 1. a) Subject to its constitutional limitations, each Party shall adopt such measures as will ensure that cultivation, production, manufacture, extraction, preparation, possession, offering, offering for sale, distribution, purchase, sale, delivery on any terms whatsoever, brokerage, dispatch, dispatch in transit, transport, importation and exportation of drugs contrary to the provisions of this Convention, and any other action which in the opinion of such Party may be contrary to the provisions of this Convention, shall be punishable offences when committed intentionally, and that serious offences shall be liable to adequate punishment particularly by imprisonment or other penalties of deprivation of liberty.
b) Notwithstanding the preceding subparagraph, when abusers of drugs have committed such offences, the Parties may provide, either as an alternative to conviction or punishment or in addition to conviction or punishment, that such abusers shall undergo measures of treatment, education, after-care, rehabilitation and social reintegration in conformity with paragraph 1 of article 38.

36.2(a)(ii)[8]. Article 36.3 specifically states "The provisions of this article shall be subject to the provisions of the criminal law of the Party concerned on questions of jurisdiction."

Under the treaty powers of the Constitution "… in so far the convention may be read to obligate the United States to enact domestic legislation criminalizing conduct of the sort at issue in this case, which typically is the sort of conduct regulated by the states, the convention exceeds the scope of the treaty power[9]." Bond v. United States 568 U.S. 134 S.ct. 2089 189 Led. 2d 1.

Contrary to the government's assertion this act did nothing to expand or contract the criminal jurisdiction of the United States.

The Government's assertion that the new and complex nature of cases involving the prosecution of drug offenses somehow changed the constitutional limitations on the criminal jurisdiction of the United States within the several States is so contrary to well established case law that the government position is unsettling. United States v. Florence 287 US 137, Collins v. Yosemite Park 304 US 518, Fort Leavenworth R.R. Co v Lowe 114 US 525, United States v Beavans 3 Wheat 336, and Cunnard Steamship v. Mallan 262 US 100 are a diverse group of Supreme Court decisions covering common law and absolute liability (i.e. alcohol prohibition) offenses drawing the same conclusion regarding the limited nature of the criminal jurisdiction of the United States within the several States. As a matter of fact, alcohol prohibition was supported by amendments to the Constitution in support of its criminalization. No such amendments have been made for controlled substances.

The Supreme Court has long held a criminal act committed wholly within the jurisdiction of the State "cannot be made an offense against the United States, unless it has some relation to the execution of a power of congress, or to some matter within the jurisdiction of the United States." United States v. Fox 95 U.S. 670 , 672, 24 Led. 538 (1870). Furthermore, "it is incumbent upon federal courts to be certain of congresses intent before finding that federal law overrides [the] usual constitutional balance of federal and state powers." Gregory v Ashcroft, 501 US 452, 460. 111 S.Ct. 2395, 115 L.ed. 2d 410(1991)(quoting Atascadevo , supra, at 243,

---

[8] ii) Intentional participation in, conspiracy to commit and attempts to commit, any of such offences, and preparatory acts and financial operations in connexion with the offences referred to in this article, shall be punishable offences as provided in paragraph 1;
[9] Title 21 §801(7) The United States is a party to the Single Convention on Narcotic Drugs, 1961, and other international conventions designed to establish effective control over international and domestic traffic in controlled substances.

105 S.ct 3142). The Supreme Court requires statutes to have "proof of a connection to interstate
commerce in every case, thereby preserving as an element of all the offense a requirement suited
to federal criminal jurisdiction alone." Bond v. United States 568 U.S. 134 S.ct. 2089 189 Led.
2d 1. (citing Bass 404 U.S. , at 35, 92 S.Ct 515)

Interstate Commerce is not an element of the offense charged; there is no clear indication
that congress intended to pre-empt State law. Rice v. Santa Fe Elevator Corp 331 U.S. 218 , 230 ,
67 S.ct 1146, Led 1447 (1947); The courts should "not be quick to assume that Congress has
meant to affect a significant change in the sensitive relation between federal and state criminal
jurisdiction." Bass, 404 U.S. , at 349 , 92 S.ct 515 ; when legislation " affects the federal balance
the requirement of a clear statement assumes that the legislature has as in fact faced , and
intended to bring into issue , the critical matters involved in the judicial decisions ." Bass , supra
, at 349 , 92 S.ct 515

In summary, the Control Substance Act expressed an intent to control intrastate incidents
of traffic by controlling the list of substances and not the decision whether to define and punish
offenses, within the jurisdiction of the several States, related to controlled substances on the
federally controlled list.

The Acts nexus to federal criminal jurisdiction is territorial; the "Offense and Penalties
Statue" enactment pursuant to the Treaty Powers inhibit the preemption of State law as it relates
to the domestic relation between the several States and the citizens thereof; and interstate
commerce is not an element of the prohibition against possession and distribution making Title
21 U.S.C. Sections 846 and 841 a local action limited in application to places subject to the
jurisdiction of the United States.

Any other interpretation of this law would render the Act unconstitutional[10] as an
unauthorized exercise of the Treaty Powers. This necessarily implies that the place of the offense
alleged in the indictment is jurisdictional and must be properly averred as a place that is subject
to the jurisdiction of the United States. The allegation of a place not subject to the jurisdiction of
the United States fails to state an offense against the laws of the United States. The
Government's reference to United States v. Lopez, 459 F.2d 949, 952-53 and United States v.

---

[10] "A well established principle governing prudent exercise of this court's jurisdiction that normally the court will
not decide a Constitutional question if there is some other ground upon which to dispose of the case." Escambia
County . Mcmillan, 466 U.S. 48, 51, 104 S.Ct 1577, 80 , L.Ed. 2d 36 (1984).

Bernard, 47 F.3d 1101 is irrelevant because the court did not decisively rule the penal provisions of the Controlled Substance Act were an exercise of the Commerce Powers. Furthermore, the present claim suggest the basis of authority is the Treaty Powers.

## Within Jurisdiction and legislative Authority of Georgia (Doc.422 at 4-5)

The Government states "Darkins appears to argue the Government lacks jurisdiction because the Overt Acts took place in the State of Georgia and not on federal land." Doc 442 at 4. On the contrary Mr.Darkins argues that the Government declares in the indictment that the conspiracy to possess with the intent to distribute marijuana occurred in places subject to the jurisdiction and legislative authority of the state of Georgia. If this court is limited to reviewing the sufficiency of the indictment and the allegations of the indictment must be accepted as true then this court must dismiss Count One because it fails to state an offense that invokes the jurisdiction of this court. It is not a violation of Title 21, United States Code §§§ 846 i/c/w, 841 and 841(b)(1)(B)(vii) to conspire to possess with the intent to distribute in places subject to the jurisdiction and legislative authority of the State of Georgia. This inevitable conclusion is not based upon a want of power in congress to define and punish the crime charged, but upon the grounds that the statutes do not apply because the alleged place of the offense is not in the jurisdiction of the United States and outside the jurisdiction of the State of Georgia. United States v. Florence 289 US 157

For the record Mr.Darkins does not contest the Government's authority to enforce federal drug laws in the state of Georgia; however Mr.Darkins does contest the federal Government's authority to enforce Title 21, United States Code §§§ 846 i/c/w, 841 and 841(b)(1)(B)(vii) in cases where the criminal effect is designed to occur in places within the State of Georgia subject to the jurisdiction and legislative authority of the State of Georgia.

## Conspiracy and Commerce (Doc. 442 at 5-6)

The government argues that in a conspiracy case it is not necessary to prove that the object and purpose of the conspiracy is itself a violation of law. To this point the government suggests the finding in United States v. Boyer 85 f. 425 are inapplicable because the case is from 1898 and somehow the structure of conspiracy involving the distribution of illegal drugs is substantially different that the conspiracy to commit other crimes. Doc 442 at 5-6. Mr.Darkins submits that while the elements of the offense may change based on the nature of the criminal case the structural elements of a conspiracy are consistent.

Perhaps the best articulation of the District Courts jurisdiction over conspiracy cases is stated as follows: "[The] District Court has jurisdiction over conspiracy and all those proved to be conspirators if conspiracy is designed to have criminal effects within the United States and if there is sufficient proof that at least one of the conspirators committed Overt Acts in furtherance of conspiracy within territorial jurisdiction of District Court." United States v. Winter 509 F.2d 975. This case involves the importation of illegal drugs into the country. However, it provides a framework for the elements necessary to establish jurisdiction. The first and paramount requirement is the conspiracy must be designed to have a "criminal effect within the United States." If we apply the statutory definition of the United States prescribed in Title 21. U.S.C. section 802(28) this requirement reads : "if conspiracy is designed to have a criminal effect within " places or waters, continental or insular , subject to the jurisdiction of the United States. Count One of the indictment only designates an alleged criminal effect in places that are clearly subject to the jurisdiction of the State of Georgia and not the United States. As such, Count One of the indictment fails to state an offense invoking the jurisdiction of this court.

In this particular case the government alleges that thirty-one (31) people agreed to possess with the intent to distribute a schedule 1 substance in places subject to the jurisdiction of the State of Georgia and then committed Overt Acts to execute on that agreement. The principle here is the same as it is in Boyer and Winter. The Government must prove that the acts were "designed to have criminal effect within the United States"[11] (places subject to the jurisdiction of the United States). In this particular case possession with intent to distribute a schedule 1 substance in places subject to the jurisdiction of the State of Georgia is not a criminal act according to federal law because it is not alleged to occur in a place subject to the jurisdiction of the United States. To wit, Count One should be quashed.

To further the Boyer analysis the Government noted the courts finding that the federal Government's jurisdiction did not begin until the carcass was actually delivered out of the state or the actual commencement of transportation and not before. Doc 442 at 6. The Government further guesses that this narrow interpretation of the commerce clause in Boyer would most likely not be upheld today by an appellate court; "and even if it was upheld that the case is not a controlling authority in this district." Doc 442 at 6. The Boyer analysis creates a number of

---

[11] United States v. Winter 509 F.2d 975

problems for the Government's jurisdictional arguments. The **Boyer** analysis considers the bribery and interstate transportation as two separate jurisdictional issues. The bribery case being subject to the jurisdiction of the State and the interstate transportation being subject to the jurisdiction of the United States. Not one federal case because interstate transportation was involved. The **Boyer** analysis renders the government's allegations of Texas, California, and the US Mail irrelevant in regards to the jurisdiction over the present offense. The **Boyer** analysis and the lack of an interstate element[12] eliminates interstate commerce as a jurisdictional hook. Once again we must ask, did the instant offense occur in a place subject to the jurisdiction of the United States.

I now point the Court's attention to the 5th circuit case decided on March 18, 1920, in which an individual purchased liquor in one state and transported it to another state. In United States v. Collins[13] 263 F 257 the 5th circuit held the same findings as **Boyer**. The purchase and possession of liquor in Louisiana was subject to the States Jurisdiction, the interstate transportation of liquor was subject to the federal government's jurisdiction once the transportation commenced, and the possession of liquor in Texas was subject to the jurisdiction of the State of Texas. Mr.Darkins submits that the **Boyer** and **Collins** analysis supports the contention that this court is without jurisdiction over this case pursuant to the Interstate Commerce Clause .

Validity of Arrest Warrant (Doc. 442 t 6-8)

The Government argues the Arrest Warrant meets the technical requirements of FRCP 7(c)(1), it was properly issued pursuant to FRCP 9(a), it followed the form prescribed in FRCP 4(b), and met the procedural requirements set forth in United States v. Kaley , U.S. , 134 S.ct 1090, 1097 (2014) Doc. 442 at 6-8. Mr. Darkins challenge to the indictment is one of substance not form. "Crime is made up of acts and intent and these must be set forth in indictment with reasonable particularity of time, place, and circumstances." United States v. Cruikshank 92 US 542. The failure to particularize the place of the offense is an essential element that deprived this court of jurisdiction[14] as the criminal effect is affirmatively alleged to occur in places subject to jurisdiction of the State of Georgia outside of the territorial and subject matter jurisdiction of

---

[12] Bond v. United States 568 U.S. 134 S.ct. 2089 189 Led. 2d 1. (citing Bass 404 U.S. , at 35, 92 S.Ct 515)
[13] The eleventh circuit has adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1 1981. Banner v City of Prichard, 661 F. 2d 1206, 1209 (11th Cir. 1981) (en banc)
[14] Title 18 U.S.C 3231

District Courts of the United States. An indictment that fails to state an offense is incapable of conferring jurisdiction or establishing probable cause for arrest pursuant to the Fourth Amendment.

CONCLUSION

For the foregoing reasons, Mr.Darkins submits that the indictment failed to state an offense that invokes the Original Jurisdiction of this Court and respectfully request that this court **GRANT** his motion to quash the Arrest Warrant and Count One of the indictment.

Respectfully Submitted

on the day of September 2nd, 2016

s/ Christopher Darkins

Pro se
Inmate #154270
Crisp County Detention Center
196 Hwy. 300 South
Cordele, Ga 31015

## UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

### CERTIFICATE OF SERVICE

UNITED STATES OF AMERICA         vs.     CHRISTOPHER DARKINS

I certify that on September 3st, 2016
A true and correct copy of the foregoing : RESPONSE TO GOVERNMENT'S
RESPONSE TO CHRISTOPHER DARKINS MOTION TO QUASH
With first class postage prepaid, has been deposited in the U.S, Mail

And properly addressed to the persons whose names and addresses are listed below:

_____

US Attorney G.F. Peterman   201 West Broad Avenue   Albany, GA  31701

U.S. DISTRICT COURT FOR THE MIDDLE DISTRICT OF GEORGIA MACON
DIVISION      475 MULBERRY ST    MACON, GA 31202

s/Christopher Darkins

_____

RECEIVED
CLERK'S OFFICE

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA    2015 NOV -4 AM 8:32
MACON DIVISION    U.S. DISTRICT COURT
MIDDLE DIST. OF GEORGIA
MACON, GEORGIA

Christopher Darkins
In Proper Person
9906 Adeline Lane
Houston Tx, 77054
424.653.6258
cdarkins@cicaponline.com

| | |
|---|---|
| UNITED STATES OF AMERICA | Honorable Judge Marc T. Treadwell |
| v. | |
| Christopher Darkins and James Maxwell et al, Defendants | PLEA TO THE JURISDICTION |
| | CASE NO. 5:15-CR-35-MTT |

## PLEA TO THE JURISDICTION

And the said Christopher Darkins in his own proper person, one of

the defendants in the above entitled cause, for the sole purpose of pleading

to the jurisdiction of the said court, comes and says, that this court ought

not to have or take further cognizance of the action aforesaid, because he

says, that the said supposed cause of action, and each and every of them,

(if any such have accrued to the said plaintiff) accrued to the said plaintiff

out of the jurisdiction of this court; and this the said defendant is ready to

verify, wherefore he prays judgement whether this court can or will take

further cognizance of this action.

Christopher Darkins

Christopher Darkins, being first duly sworn, says that the foregoing Plea, by

him subscribed, and the statements therein made, are true.

Christopher Darkins

Subscribed and sworn to before me this 31st day of October, A.D. 2015



GANGADHAR B SOHONI
NOTARY PUBLIC - MINNESOTA
My Commission Expires Jan. 31, 2019

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

UNITED STATES OF AMERICA,       )
                                )
v.                              )       **CASE NO. 5:15-CR-35 (MTT)**
                                )
JAMES MAXWELL, et al.,          )
                                )
          Defendants.           )
_____)

## ORDER

Defendant Christopher Darkins has filed a "Plea to the Jurisdiction," which the

Court construes as a motion to dismiss the indictment for improper venue pursuant to

Federal Rule of Criminal Procedure 12(b)(3)(A)(i). (Doc. 255). On September 9, 2015,

Darkins was charged in a fourteen-count indictment with thirty-one Defendants. (Doc.

1). He is named only in Count One which charges Conspiracy to Possess within Intent

to Distribute Marijuana in violation of Title 21, United States Code, Section 846 i/c/w

Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(vii), and Title 18,

United States Code, Section 2. (Id.). Darkins argues the Court lacks jurisdiction

because the "cause of action ... accrued ... out of the jurisdiction of this Court." (Doc.

255 at 1).

Pursuant to Fed. R. Crim P. 12(b)(3)(A)(i), a defendant may move to dismiss an

indictment for improper venue. In deciding a motion to dismiss, the Court is limited to

reviewing the sufficiency of the indictment. *United States v. Salman*, 378 F.3d 1266,

1268 (11th Cir. 2004). The allegations of the indictment must be accepted as true.

*United States v. Mann*, 517 F.2d 259, 266 (5th Cir. 1975).[1] Ultimately, venue is a matter for the Government to prove at trial. *United States v. Snipes*, 611 F.3d 855, 865 (11th Cir. 2010).

In conspiracy cases, venue lies in any district where an overt act in furtherance of the conspiracy was committed. *U.S. v. Schlei*, 122 F.3d 944, 975 (11th Cir. 1997). "[A]n individual conspirator need not participate in the overt act in furtherance of the conspiracy. Once a conspiracy is established, and an individual is linked to that conspiracy, an overt act committed by any conspirator is sufficient." *U.S. v. Thomas*, 8 F.3d 1552, 1560 n.21 (11th Cir. 1993). Here, the indictment in Count 1 alleges that Darkins, along with twenty-nine other alleged co-conspirator Defendants, from January 1, 2012 until October 31, 2014 "in the Macon Division of the Middle District of Georgia, and elsewhere within the jurisdiction of this Court … did conspire with each other … to unlawfully, intentionally, and knowingly possess with the intent to distribute a Schedule I controlled substance, to wit: more than 100 kilograms of marijuana …." (Doc. 1 at 2). Taking these allegations as true, the alleged conspiracy occurred in the Middle District of Georgia. Thus, by allegedly conspiring to possess with the intent to distribute marijuana in an agreement involving overt acts within this district, the Defendant has subjected himself to the jurisdiction of this Court. Accordingly, Darkins's motion to dismiss is **DENIED**. (Doc. 255).

**SO ORDERED**, this 1st day of March, 2016.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[1] *The Eleventh Circuit has adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).*

Case 4:17-cv-00914   Document 1   Filed on 03/24/17 in TXSD   Page 67 of 90
Case 5:15-cr-00035-MTT-CHW   Document 215   Filed 10/16/15   Page 1 of 3
Case: 15-14580   Date Filed: 10/16/2015   Page: 1 of 3

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-14580-A

_____

IN RE:

CHRISTOPHER DARKINS,

Petitioner.

_____

On Petition for Writ of Prohibition to the
United States District Court for the
Middle District of Georgia

_____

Before:  TJOFLAT and JILL PRYOR, Circuit Judges.

BY THE COURT:

Christopher Darkins, a named defendant in an ongoing marijuana-trafficking-conspiracy
prosecution in the Middle District of Georgia, petitions us for an emergency writ of prohibition.
Specifically, he argues that the indictment against him failed to allege sufficient facts to
(1) invoke the district court's jurisdiction over him in his criminal case, and (2) provide him with
adequate notice of the pending criminal charge against him.  As relief, Darkins seeks a writ
ordering the district court to stay his criminal proceeding, recall an arrest warrant that was issued
against him, and vacate his allegedly defective indictment.

Case 4:17-cv-00914   Document 1   Filed on 03/24/17 in TXSD   Page 68 of 90
Case 5:15-cr-00035-MTT-CHW   Document 215   Filed 10/16/15   Page 2 of 3
Case: 15-14580   Date Filed: 10/16/2015   Page: 2 of 3

The former Fifth Circuit[1] noted that appellate courts historically have used writs of prohibition to "exert the revisory appellate power over the inferior court." *Atl. Coast Line R. Co. v. Davis*, 185 F.2d 766, 769 n.8 (5th Cir. 1950) (quotation omitted). It further observed that writs of prohibition "afford an expeditious and effective means of confining the inferior court to a lawful exercise of its prescribed jurisdiction, or of compelling it to exercise its authority when it is its duty to do so." *Id.* (quotation omitted). A writ of prohibition is "granted sparingly" and is "reserved for really extraordinary cases, and should be issued only when the right to such relief is clear and indisputable." *Jackson v. Motel 6 Multipurpose, Inc.*, 130 F.3d 999, 1004 (11th Cir. 1997) (quoting *In re Estelle*, 516 F.2d 480, 483 (5th Cir. 1975)). A petitioner seeking a writ of prohibition also must show that he or she has no adequate alternative avenue for relief. *Id.*

The appropriate vehicle for challenging the sufficiency of an indictment is a motion pursuant to Federal Rule of Criminal Procedure 12(b). *United States v. Devegter*, 198 F.3d 1324, 1326-27 (11th Cir. 1999); Fed. R. Crim. P. 12(b)(3)(B). A defendant may make a claim at any time while his case is pending that the indictment fails to invoke the court's jurisdiction or to state an offense. Fed. R. Crim. P. 12(b)(3)(B)(iii), (v).

Here, Darkins currently has an adequate alternative remedy in the district court for obtaining the relief he now seeks. Specifically, as he has done in this prohibition petition, Darkins may move the district court to dismiss his indictment on the basis that the indictment is insufficient to invoke the court's jurisdiction or to state an offense against him. *See Devegter*, 198 F.3d at 1326-27; Fed. R. Crim. P. 12(b)(3)(B)(iii), (v). As such, because Darkins has an alternative avenue through which to pursue his requested relief, prohibition relief would be inappropriate here. *See Jackson*, 130 F.3d at 1004. Thus, Darkins's instant prohibition petition

---

[1] The former Fifth Circuit's decisions predating October 1, 1981, are binding as to panels of this Court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

Case 4:17-cv-00914 Document 1 Filed on 03/24/17 in TXSD Page 69 of 90
Case 5:15-cr-00035-MTT-CHW Document 215 Filed 10/16/15 Page 3 of 3
Case: 15-14580 Date Filed: 10/16/2015 Page: 3 of 3

is frivolous, and we hereby **DENY** the petition on that basis. Moreover, we hereby **DIRECT** the

Clerk of this Court to deem any future filings by Darkins in this case a non-emergency matter.

S

## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | **CRIMINAL NO.** |
| | : | **5:15-CR- 35-MTT** |
| | : | |
| v. | : | |
| | : | |
| (1) JAMES MAXWELL, aka "SONNY SPOON," | : | **VIOLATION:** |
| (2) IRA CHRISTOPHER JACKSON, | : | |
| (3) FREDERICK CARTER, | : | 21 U.S.C. § 846 i/c/w |
| (4) ALEJANDRO SOLORIO, | : | 21 U.S.C. § 841(a)(1) |
| (5) RICHARD HARVEY, | : | 21 U.S.C. § 841(b)(1)(A)(ii) |
| (6) CYRON NORMAN, | : | 21 U.S.C. § 841(b)(1)(B)(ii) |
| (7) ROME OWENS, | : | 21 U.S.C. § 841(b)(1)(B)(vii) |
| (8) SHUKREE SIMMONS, | : | 21 U.S.C. § 841(b)(1)(C) |
| (9) BERNARD ENGRAM, | : | 21 U.S.C. § 841(b)(1)(D) |
| (10) JERIMEE PARKER, | : | 18 U.S.C. § 924(c)(1)(A)(i) |
| (11) JOSEPH PIERRE BROWN, | : | 18 U.S.C. § 1956(a) |
| (12) MICHAEL THOMPSON, | : | 18 U.S.C. § 1956(a)(1)(B)(i) |
| (13) DONZELL HUDSON, | : | 18 U.S.C. § 1956(h) |
| (14) BRIONI JOHNSON, | : | 18 U.S.C. § 2 |
| (15) CHANCELLOR LUCEAR, | : | 21 U.S.C § 853 |
| (16) ALFRED BROWN, | : | 18 U.S.C. § 982 |
| (17) ADRIAN GREEN, | : | 21 U.S.C. § 2461(c) |
| (18) JAMES FAULKES, | : | 18 U.S.C. § 924(d)(1) |
| (19) MAURICE PEARSON, | : | |
| (20) VONTRAY JOHNSON, | : | |
| (21) RODERICK PAUL, | : | **UNDER SEAL** |
| (22) WILLIAM STORY, | : | |
| (23) KENNA MIDDLETON, | : | |
| (24) SHANNA LEWIS, | : | |
| (25) AARON HALL, | : | |
| (26) TYREE WALKER, | : | |
| (27) CHRISTOPHER DARKINS, | : | |
| (28) WILLIAM SHAMONE LEWIS, | : | |
| (29) KELLY TIMMS, | : | |
| (30) CAMERON KELLEY, | : | |
| (31) JARVIS SMITH, | | |

## THE GRAND JURY CHARGES:

## COUNT ONE
## CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE MARIJUANA

That from on or about January 1, 2012, to on or about October 31, 2014, the exact

dates being unknown, in the Macon Division of the Middle District of Georgia, and

elsewhere within the jurisdiction of this Court,

(1) JAMES MAXWELL, aka "SONNY SPOON,"
(2) IRA CHRISTOPHER JACKSON,
(3) FREDERICK CARTER,
(4) ALEJANDRO SOLORIO,
(5) RICHARD HARVEY,
(6) CYRON NORMAN,
(7) ROME OWENS,
(8) SHUKREE SIMMONS,
(9) BERNARD ENGRAM,
(10) JERIMEE PARKER,
(11) JOSEPH PIERRE BROWN,
(12) MICHAEL THOMPSON,
(14) BRIONI JOHNSON,
(15) CHANCELLOR LUCEAR,
(16) ALFRED BROWN,
(17) ADRIAN GREEN,
(18) JAMES FAULKES,
(19) MAURICE PEARSON,
(20) VONTRAY JOHNSON,
(21) RODERICK PAUL,
(22) WILIAM STORY,
(23) KENNA MIDDLETON,
(24) SHANNA LEWIS,
(25) AARON HALL,
(26) TYREE WALKER,
(27) CHRISTOPHER DARKINS,
(28) WILLIAM SHAMONE LEWIS,
(29) KELLY TIMMS,
(30) CAMERON KELLEY,
and
(31) JARVIS SMITH

did conspire with each other and with others, both known and unknown to the Grand

Jury, to unlawfully, intentionally, and knowingly possess with the intent to distribute a

Schedule I controlled substance, to-wit: more than 100 kilograms of marijuana, all in

2

violation of Title 21, United States Code, Section 846, i/c/w Title 21, United States Code,

Sections 841(a)(1), and 841(b)(1)(B)(vii), and Title 18, United States Code, Section 2.

## COUNT TWO
## CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE COCAINE

That from on or about January 1, 2012, to on or about October 31, 2014, the exact

dates being unknown, in the Macon Division of the Middle District of Georgia, and

elsewhere within the jurisdiction of this Court,

**(1) JAMES MAXWELL, aka "SONNY SPOON,"**
**(2) IRA CHRISTOPHER JACKSON,**
**(3) FREDERICK CARTER,**
**(9) BERNARD ENGRAM,**
**(13) DONZELL HUDSON,**
**and**
**(30) CAMERON KELLEY,**

did conspire with each other and with others, both known and unknown to the Grand

Jury, to unlawfully, intentionally, and knowingly possess with the intent to distribute a

Schedule II controlled substance, to-wit: more than 5 kilograms of cocaine; all in

violation of Title 21, United States Code, Section 846, i/c/w Title 21, United States Code,

Sections 841(a)(1), 841(b)(1)(A)(ii), and Title 18 United States Code, Section 2.

## COUNT THREE
## POSSESSION WITH INTENT TO DISTRIBUTE MARIJUANA

That on or about October 31, 2014, in the Macon Division of the Middle District

of Georgia, the defendant,

**(9) BERNARD ENGRAM**

aided and abetted by others, both known and unknown to the Grand Jury, did unlawfully,

intentionally, and knowingly possess with the intent to distribute a Schedule I controlled

substance, to-wit: less than 50 kilograms of marijuana, all in violation of Title 21, United

3

States Code, Sections 841(a)(1), 841(b)(1)(D) and Title 18, United States Code, Section 2.

## COUNT FOUR
## POSSESSION WITH INTENT TO DISTRIBUTE MARIJUANA

That on or about October 31, 2014, in the Macon Division of the Middle District of Georgia, the defendant,

### (24) SHANNA LEWIS

aided and abetted by others, both known and unknown to the Grand Jury, did unlawfully, intentionally, and knowingly possess with the intent to distribute a Schedule I controlled substance, to-wit: less than 50 kilograms of marijuana, all in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(D) and Title 18, United States Code, Section 2.

## COUNT FIVE
## POSSESSION OF FIREARMS IN FURTHERANCE
## OF A DRUG TRAFFICKING OFFENSE

That on or about October 31, 2014, in the Macon Division of the Middle District of Georgia, the defendant,

### (24) SHANNA LEWIS,

aided and abetted by others, both known and unknown to the Grand Jury, did possess firearms, to wit:

1. One Taurus Millennium, 40 caliber, semi-automatic handgun, serial number SC030522, and

2. One Cobra model F5, 380 caliber, semi-automatic handgun, serial number FS016670,

4

in furtherance of the offenses alleged in Counts 1 and 4, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i), and Title 18, United States Code, Section 2.

## COUNT SIX
## POSSESSION WITH INTENT TO DISTRIBUTE MARIJUANA

That on or about October 31, 2014, in the Macon Division of the Middle District of Georgia, the defendant,

### (23) KENNA MIDDLETON

aided and abetted by others, both known and unknown to the Grand Jury, did unlawfully, intentionally, and knowingly possess with the intent to distribute a Schedule I controlled substance, to-wit: less than 50 kilograms of marijuana, all in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(D) and Title 18, United States Code, Section 2.

## COUNT SEVEN
## POSSESSION OF FIREARMS IN FURTHERANCE
## OF A DRUG TRAFFICKING OFFENSE

That on or about October 31, 2014, in the Macon Division of the Middle District of Georgia, the defendant,

### (23) KENNA MIDDLETON,

aided and abetted by others, both known and unknown to the Grand Jury, did possess firearms, to wit:

1. One Cobra Model F5, 380 caliber, semi-automatic handgun, serial number FS046953, and

2. One Zastava Serbia, Model PAP, M92PV, 5.56/.223 caliber pistol, serial number M85-NP002780,

5

in furtherance of the offenses alleged in Counts 1 and 6, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i), and Title 18, United States Code, Section 2.

## COUNT EIGHT
## POSSESSION WITH INTENT TO DISTRIBUTE MARIJUANA

That on or about October 31, 2014, in the Macon Division of the Middle District of Georgia, the defendant,

### (10) JERIMEE PARKER

aided and abetted by others, both known and unknown to the Grand Jury, did unlawfully, intentionally, and knowingly possess with the intent to distribute a Schedule I controlled substance, to-wit: less than 50 kilograms of marijuana, all in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(D) and Title 18, United States Code, Section 2.

## COUNT NINE
## POSSESSION WITH INTENT TO DISTRIBUTE MARIJUANA

That on or about October 31, 2014, in the Macon Division of the Middle District of Georgia, the defendant,

### (12) MICHAEL THOMPSON

aided and abetted by others, both known and unknown to the Grand Jury, did unlawfully, intentionally, and knowingly possess with the intent to distribute a Schedule I controlled substance, to-wit: less than 50 kilograms of marijuana, all in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(D) and Title 18, United States Code, Section 2.

## COUNT TEN
## POSSESSION OF FIREARMS IN FURTHERANCE
## OF A DRUG TRAFFICKING OFFENSE

That on or about October 31, 2014, in the Macon Division of the Middle District of Georgia, the defendant,

### (12) MICHAEL THOMPSON,

aided and abetted by others, both known and unknown to the Grand Jury, did possess firearms, to wit:

One Colt, .45 caliber, semi-automatic handgun, serial number FG71288,

in furtherance of the offenses alleged in Counts 1 and 9, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i), and Title 18, United States Code, Section 2.

## COUNT ELEVEN
## POSSESSION WITH INTENT TO DISTRIBUTE MARIJUANA

That on or about October 31, 2014, in the Macon Division of the Middle District of Georgia, the defendant,

### (17) ADRIAN GREEN

aided and abetted by others, both known and unknown to the Grand Jury, did unlawfully, intentionally, and knowingly possess with the intent to distribute a Schedule I controlled substance, to-wit: less than 50 kilograms of marijuana, all in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(D) and Title 18, United States Code, Section 2.

## COUNT TWELVE
## POSSESSION OF FIREARMS IN FURTHERANCE
## OF A DRUG TRAFFICKING OFFENSE

That on or about November 3, 2014, in the Macon Division of the Middle District of Georgia, the defendant,

### (17) ADRIAN GREEN,

aided and abetted by others, both known and unknown to the Grand Jury, did possess firearms, to wit:

One Smith and Wesson .38 caliber, semi-automatic revolver, serial number 4049594,

in furtherance of the offenses alleged in Counts 1 and 11, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i), and Title 18, United States Code, Section 2.

**COUNT THIRTEEN**
**MONEY LAUNDERING**

On or about October 12, 2014, in the Macon Division of the Middle District of Georgia,

**(1) JAMES MAXWELL, aka "SONNY SPOON,"**

did knowingly conduct financial transactions, that is, the attempted delivery and transfer of monetary instruments which were the proceeds of specified unlawful activity, that is the distribution and sale of cocaine and marijuana, in violation of Title 21, United States Code, Section 841(a)(1), knowing that said transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct said financial transactions, the defendants knew that the monetary instruments were the proceeds of some form of unlawful activity, all in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

**COUNT FOURTEEN**
**MONEY LAUNDERING CONSPIRACY TO CONCEAL AND DISGUISE**
**NATURE, LOCATION, OWNERSHIP, AND CONTROL OF PROCEEDS OF**
**SPECIFIED UNLAWFUL ACTIVITY**

8

From on or about January 1, 2012 to on or about October 31, 2014, the exact dates being unknown, in the Macon Division of the Middle District of Georgia, and elsewhere within the jurisdiction of this Court,

**(1) JAMES MAXWELL, aka "SONNY SPOON,"**
**(2) IRA CHRISTOPHER JACKSON,**
**(3) FREDERICK CARTER,**
**(5) RICHARD HARVEY,**
**(6) CYRON NORMAN,**
**(22) WILIAM STORY,**
**and**
**(23) KENNA MIDDLETON,**

did knowingly combine, conspire, confederate, and agree together and with others to commit an offense against the United States, specifically, to violate Title 18, United States Code, Section 1956(a)(1)(B)(i), in that members of the conspiracy did knowingly conduct and attempt to conduct financial transactions affecting interstate commerce as described below, which involved the proceeds of a specified unlawful activity, that is, the distribution of controlled substances in violation of Title 21, United States Code, Sections 841, and 846, knowing that the transactions were designed in whole or in part to conceal and to disguise the nature, locations, source, ownership, and control the proceeds of the said specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

## MANNER AND MEANS

In furtherance of this conspiracy and to effect and to accomplish its object, one or more of the conspirators committed the following overt acts:

1.      During the course of and to further said conspiracy, members of the conspiracy were involved in narcotics trafficking whereby narcotics were shipped in the

9

mail system from Houston, Texas, and Northern California to Macon, Georgia, and other areas within the Middle District of Georgia.

2.      The conspirators used the financial system to launder large amounts of U.S. Currency obtained from the specified unlawful activity. Conspirators in Georgia deposited drug proceeds into accounts in bank branches located in Georgia with the account holders rapidly withdrawing the deposited cash from bank branches in Houston, Texas and Northern California.

3.      In addition to the interstate funneling of illicit cash proceeds through bank accounts, the conspirators transported or attempted to transport cash from the specified unlawful activity by commercial aircraft or vehicles from Georgia to Houston, Texas, and Northern California.

In violation of Title 18, United States Code, Section 1956(h).

## GENERAL FORFEITURE NOTICE AS TO ALL DEFENDANTS
### (21 U.S.C. § 853, 18 U.S.C. § 924(d)(1), 18 U.S.C. § 982, and 28 U.S.C. § 2461(c) – Criminal Forfeiture)

1.    The allegations contained in Counts One through Fourteen of this Indictment are hereby re-alleged and incorporated by reference into this Notice for the purpose of alleging forfeitures to the United States of America, pursuant to the provisions of Title 21, United States Code, Section 853, Title 18, United States Code, Section 924(d)(1), and/or Title 18, United States Code, Section 982(a)(1), in conjunction with Title 28, United States Code. Section 2461(c).

2.    Upon conviction of any of the offense(s) contained in Counts One through Fourteen of this Indictment, including Title 21, United States Code, Sections 846, i/c/w Title 21, United States Code, Sections 841(a)(1), and 841(b)(1)(B)(vii) set forth in Count One; Title 21, United States Code, Sections 846, i/c/w Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(ii) set forth in Count Two; Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D) set forth in Counts Three, Four, Six, Eight, Nine, and Eleven; Title 18, United States Code, Sections 924(c)(1)(A) and 924(a)(2) set forth in Counts Five, Seven, Ten, and Twelve; Title 18, United States Code, Sections 1956(a)(1)(B)(i) set forth in Count Thirteen; and/or Title 18, United States Code, Section 1956(h) set forth in Count Fourteen of the Indictment the defendant(s),

**(1) JAMES MAXWELL, aka "SONNY SPOON,"**
**(2) IRA CHRISTOPHER JACKSON,**
**(3) FREDERICK CARTER,**
**(4) ALEJANDRO SOLORIO,**
**(5) RICHARD HARVEY,**
**(6) CYRON NORMAN,**
**(7) ROME OWENS,**
**(8) SHUKREE SIMMONS,**
**(9) BERNARD ENGRAM,**

(10) JERIMEE PARKER,
(11) JOSEPH PIERRE BROWN,
(12) MICHAEL THOMPSON,
(13) DONZELL HUDSON,
(14) BRIONI JOHNSON,
(15) CHANCELLOR LUCEAR,
(16) ALFRED BROWN,
(17) ADRIAN GREEN,
(18) JAMES FAULKES,
(19) MAURICE PEARSON,
(20) VONTRAY JOHNSON,
(21) RODERICK PAUL,
(22) WILIAM STORY,
(23) KENNA MIDDLETON,
(24) SHANNA LEWIS,
(25) AARON HALL,
(26) TYREE WALKER,
(27) CHRISTOPHER DARKINS,
(28) WILLIAM SHAMONE LEWIS,
(29) KELLY TIMMS,
(30) CAMERON KELLEY,
and
(31) JARVIS SMITH

shall forfeit to the United States of America pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds obtained, directly and indirectly, as a result of such offense(s), and any property, real or personal, used, or intended to be used in any manner or part to commit, or to facilitate the commission of, the offense(s); any firearms and ammunition involved in the commission of the offense(s), pursuant to Title 18, United States Code, Section 924(d)(1), in conjunction with Title 28, United States Code, Section 2461(c); and/or any property, real or personal, involved in such offense, and any property traceable to such property, pursuant to Title 18, United States Code, Section 982(a)(1).

3.    If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

12

(a)    cannot be located upon exercise of due diligence;

(b)    has been transferred, sold to or deposited with, a third person;

(c)    has been placed beyond the jurisdiction of the court;

(d)    has been substantially diminished in value; or

(e)    has been commingled with other property which cannot be subdivided
       without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant

to Title 21, United States Code, Section 853(p), Title 18, United States Code, Section

924(d)(1), and/or Title 18, United States Code, Section 982(b)(1) as incorporated by Title

28, United States Code, Section 2461(c).

All pursuant to Title 21, United States Code, Section 853, Title 18, United States

Code, Section 924(d)(1), Title 18, United States Code, Section 982, and Title 28, United

States Code, Section 2461(c).

### DETAILED FORFEITURE NOTICE AS TO
### (1) JAMES MAXWELL, aka "SONNY SPOON"
(21 U.S.C. § 853, 18 U.S.C. § 982, and 28 U.S.C. § 2461(c) – Criminal Forfeiture)

1.    The allegations contained in Counts One, Two, Thirteen, and Fourteen of

this Indictment are hereby re-alleged and incorporated by reference into this Notice for

the purpose of alleging forfeitures to the United States of America, pursuant to the

provisions of Title 21, United States Code, Section 853, and/or Title 18, United States

Code, Section 982(a)(1).

2.    Upon conviction of the offense(s) in violation of Title 21, United States

Code, Sections 846, i/c/w Title 21, United States Code, Sections 841(a)(1), and

841(b)(1)(B)(vii) set forth in Count One; Title 21, United States Code, Sections 846,

i/c/w Title 21, United States Code, Sections 841(a)(1), and 841(b)(1)(A)(ii) set forth in

Count Two; Title 18, United States Code, Section 1956(a)(1)(B)(i) set forth in Count

Thirteen; and/or Title 18, United States Code, Section 1956(h) set forth in Count

Fourteen of this Indictment, the defendant,

### (1) JAMES MAXWELL, aka "SONNY SPOON,"

shall forfeit to the United States of America pursuant to Title 21, United States Code,

Section 853, any property constituting, or derived from, any proceeds obtained, directly

and indirectly, as a result of such offense(s), and any property, real or personal, used, or

intended to be used in any manner or part to commit, or to facilitate the commission of,

the offense(s); and/or any property, real or personal, involved in such offense, and any

property traceable to such property, pursuant to Title 18, United States Code, Section

982(a)(1).  The specific property to be forfeited includes, but is not limited to, the

following:  i.) $184,980.00 in United States funds; ii.) one (1) 18K Rolex Oyster

Perpetual Datejust Mens Watch; iii.) one (1) 1998 Chevrolet G1500 Sportvan, VIN:

1GBFG15R1W1048276; and iv.) one (1) 2003 Mercedes Benz SL500, VIN:

WDBSK75F43F059884.

      3.    If any of the property subject to forfeiture, as a result of any act or omission

of the defendant:

      (a)    cannot be located upon exercise of due diligence;

      (b)    has been transferred, sold to or deposited with, a third person;

      (c)    has been placed beyond the jurisdiction of the court;

      (d)    has been substantially diminished in value; or

14

(e)    has been commingled with other property which cannot be subdivided

without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant

to Title 21, United States Code, Section 853(p), and/or Title 18, United States Code,

Section 982(b)(1) as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 21, United States Code, Section 853, Title 18, United States

Code, Section 982, and Title 28, United States Code, Section 2461(c).

## DETAILED FORFEITURE NOTICE AS TO (2) IRA CHRISTOPHER JACKSON
### (21 U.S.C. § 853, 18 U.S.C. § 982, and 28 U.S.C. § 2461(c) – Criminal Forfeiture)

1.    The allegations contained in Counts One, Two, and Fourteen of this

Indictment are hereby re-alleged and incorporated by reference into this Notice for the

purpose of alleging forfeitures to the United States of America, pursuant to the provisions

of Title 21, United States Code, Section 853, and/or Title 18, United States Code, Section

982(a)(1).

2.    Upon conviction of the offense(s) in violation of Title 21, United States

Code, Sections 846, i/c/w Title 21, United States Code, Sections 841(a)(1), and

841(b)(1)(B)(vii) set forth in Count One; Title 21, United States Code, Sections 846,

i/c/w Title 21, United States Code, Sections 841(a)(1), and 841(b)(1)(A)(ii) set forth in

Count Two; and/or Title 18, United States Code, Section 1956(h) set forth in Count

Fourteen of this Indictment, the defendant,

### (2) IRA CHRISTOPHER JACKSON,

shall forfeit to the United States of America pursuant to Title 21, United States Code,

Section 853, any property constituting, or derived from, any proceeds obtained, directly

15

and indirectly, as a result of such offense(s), and any property, real or personal, used, or intended to be used in any manner or part to commit, or to facilitate the commission of, the offense(s); and/or any property, real or personal, involved in such offense, and any property traceable to such property, pursuant to Title 18, United States Code, Section 982(a)(1).  The specific property to be forfeited includes, but is not limited to, the following:        i.)  one  (1)  2005  Bentley  Continental,  GT  Coupe,  VIN: SCBCR63W65C028139; ii.) one (1) 18K Rolex Oyster Perpetual Day Date II President Mens Watch with one extra link, Serial Number: Z0106257; and iii.) one (1) Mens 18K Johnny Dang Miami Cuban Chain Bracelet with .475 round diamonds.

      3.        If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

      (a)        cannot be located upon exercise of due diligence;

      (b)        has been transferred, sold to or deposited with, a third person;

      (c)        has been placed beyond the jurisdiction of the court;

      (d)        has been substantially diminished in value; or

      (e)        has been commingled with other property which cannot be subdivided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), and/or Title 18, United States Code, Section 982(b)(1) as incorporated by Title 28, United States Code, Section 2461(c).

      All pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 982, and Title 28, United States Code, Section 2461(c).

## DETAILED FORFEITURE NOTICE AS TO (4) ALEJANDRO SOLORIO
### (21 U.S.C. § 853 – Criminal Forfeiture)

1.      The allegation contained in Count One of this Indictment is hereby re-alleged and incorporated by reference into this Notice for the purpose of alleging forfeiture to the United States of America, pursuant to the provisions of Title 21, United States Code, Section 853.

2.      Upon conviction of the offense(s) in violation of Title 21, United States Code, Sections 846, i/c/w Title 21, United States Code, Sections 841(a)(1), and 841(b)(1)(B)(vii) set forth in Count One of this Indictment, the defendant,

### (4) ALEJANDRO SOLORIO,

shall forfeit to the United States of America pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds obtained, directly and indirectly, as a result of such offense(s), and any property, real or personal, used, or intended to be used in any manner or part to commit, or to facilitate the commission of, the offense(s).  The specific property to be forfeited includes, but is not limited to, the following: $62,203.00 in United States funds.

3.      If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

(a)     cannot be located upon exercise of due diligence;

(b)     has been transferred, sold to or deposited with, a third person;

(c)     has been placed beyond the jurisdiction of the court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be subdivided

without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant

to Title 21, United States Code, Section 853(p).

All pursuant to Title 21, United States Code, Section 853.

## DETAILED FORFEITURE NOTICE AS TO (23) KENNA MIDDLETON
### (21 U.S.C. § 853, 18 U.S.C. § 924(d)(1), 18 U.S.C. § 982, and 28 U.S.C. § 2461(c) – Criminal Forfeiture)

1.     The allegations contained in Counts One, Six, Seven, and Fourteen of this

Indictment are hereby re-alleged and incorporated by reference into this Notice for the

purpose of alleging forfeitures to the United States of America, pursuant to the provisions

of Title 21, United States Code, Section 853, Title 18, United States Code, Section

924(d)(1), and/or Title 18, United States Code, Section 982(a)(1), in conjunction with

Title 28, United States Code, Section 2461(c).

2.     Upon conviction of the offense(s) in violation of Title 21, United States

Code, Sections 846, i/c/w Title 21, United States Code, Sections 841(a)(1), and

841(b)(1)(B)(vii) set forth in Count One; Title 21, United States Code, Sections

841(a)(1), and 841(b)(1)(D) set forth in Count Six; Title 18, United States Code, Sections

924(c)(1)(A) and 924(a)(2) set forth in Count Seven; and/or Title 18, United States Code,

Section 1956(h) set forth in Count Fourteen of this Indictment, the defendant,

### (23) KENNA MIDDLETON,

shall forfeit to the United States of America pursuant to Title 21, United States Code,

Section 853, any property constituting, or derived from, any proceeds obtained, directly

and indirectly, as a result of such offense(s), and any property, real or personal, used, or

intended to be used in any manner or part to commit, or to facilitate the commission of, the offense(s); any firearms and ammunition involved in the commission of the offense(s), pursuant to Title 18, United States Code, Section 924(d)(1), in conjunction with Title 28, United States Code, Section 2461(c); and/or any property, real or personal, involved in such offense, and any property traceable to such property, pursuant to Title 18, United States Code, Section 982(a)(1). The specific property to be forfeited includes, but is not limited to, the following: $44,936.00 in United States funds.

3.    If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

(a)    cannot be located upon exercise of due diligence;

(b)    has been transferred, sold to or deposited with, a third person;

(c)    has been placed beyond the jurisdiction of the court;

(d)    has been substantially diminished in value; or

(e)    has been commingled with other property which cannot be subdivided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), Title 18, United States Code, Section 924(d)(1), and/or Title 18, United States Code, Section 982(b)(1) as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924(d)(1) Title 18, United States Code, Section 982, and Title 28, United States Code, Section 2461(c).

A TRUE BILL.

S/

_____
FOREPERSON OF THE GRAND JURY

PRESENTED BY:
MICHAEL J. MOORE
UNITED STATES ATTORNEY

_____
CHARLES L. CALHOUN
ASSISTANT UNITED STATES ATTORNEY

*Filed in open court this* **9th** *day of*
**Sept 9** *A.D. 20* **15**
.............................................................
*Deputy Clerk*

20