United States District Court
Southern District of Texas

**ENTERED**

March 27, 2017

David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTOPHER DARKINS, | § | |
| | § | |
| *Petitioner,* | § | |
| | § | |
| v. | § | Civil Action No. H-17-0914 |
| | § | |
| ELIZABETH MARTINEZ, | § | |
| | § | |
| *Respondent.* | § | |

## ORDER OF DISMISSAL

Pending before the Court is a *pro se* section 2241 habeas petition filed by petitioner Christopher Darkins. Darkins is a pre-trial defendant in federal drug-trafficking charges pending before the United States District Court for the Middle District of Georgia, Macon Division. *United States v. Darkins*, C.A. No. 5:15-CR-00035-027-MTT (M.D. Ga.). Darkins posted an unsecured $20,000.00 bond in that proceeding, and moved to Houston, Texas. He is currently under pre-trial supervision by the Probation Office in the Houston Division.

As grounds for section 2241 relief, Darkins argues that the indictment in his pending federal drug-trafficking prosecution should be dismissed for want of jurisdiction. He acknowledges that the federal district court in his criminal case has already denied the motion, and that the Eleventh Circuit Court of Appeals refused his request for a writ of prohibition. Darkins's application for a writ of certiorari was denied by the United States Supreme Court on October 3, 2016. Darkins further states that he filed a motion to quash his

arrest warrant with the federal district court, but that the court has not yet issued a ruling or set a trial date.

Dissatisfied with the federal courts' rulings and delay, Darkins now seeks to have this federal district court reverse or preempt those rulings. He argues that this Court should intervene and dismiss his indictment because the federal courts have provided no relief and he lacks any further recourse at this time. He contends that the denial of his motion to dismiss was baseless, arbitrary and clearly erroneous as a matter of law.

The Court declines to disrupt Darkins's pending federal criminal proceedings. While habeas corpus can be an appropriate remedy for a petitioner in custody in violation of the Constitution, district courts should withhold granting relief in habeas actions where adequate remedies are available in the criminal proceedings. *Stack v. Boyle*, 342 U.S. 1, 6–7 (1951). The United States Supreme Court has long recognized that, "[I]n the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial." *Jones v. Perkins*, 245 U.S. 390 (1918) (citations omitted).

Citing *Stack*, the Fifth Circuit Court of Appeals has held that a "pre-trial writ of habeas corpus is only available to a defendant in extraordinary circumstances." *U.S. v. Bowler*, 62 F.3d 397, 1995 WL 49713, *1 (5th Cir. 1995). In *Bowler*, two pre-trial detainees filed a petition under section 2241 challenging the indictment against them for lack of

jurisdiction. The district court had already denied their motion to dismiss. In denying relief, the Fifth Circuit held:

> Even though the district court denied relief on these grounds, [petitioners] can proceed to trial and can raise this argument again on direct appeal. There is simply no exigency, urgency, or any other reason for us to allow the habeas petition as a substitute for direct appeal in this matter. Instead, we conclude that the merits of [petitioners'] arguments should be presented and reached "in the orderly administration of justice."

*Id.* at *2.

Other circuits have likewise dismissed section 2241 petitions raising claims or defenses to pending federal prosecutions in favor of the pending criminal case. *See Williams v. Hackman*, 364 Fed. App'x 268 (7th Cir. 2010) (holding that "a federal pretrial detainee cannot use § 2241 to preempt the judge presiding over the criminal case"); *In re Williams*, 306 Fed. App'x 818 (4th Cir. 2009) (dismissing section 2241 petition and noting that claims of illegal arrest, unlawful detention, and violation of speedy trial rights could be raised in the pending criminal case); *Chandler v. Pratt*, 96 Fed. App'x 661 (10th Cir. 2004) (affirming dismissal of section 2241 petition raising defective indictment and speedy trial act claims for failure to exhaust available remedies where claims should have been, and were being, pursued in criminal case because allowing claims would waste judicial resources and encourage judge shopping); *Horning v. Seifart*, 107 F.3d 11 (6th Cir. 1997) (Table) (finding that section 2241 cannot be invoked to raise defenses to a pending federal criminal prosecution).

That Darkins would prefer to have his criminal prosecution dismissed on a pre-trial basis rather than stand trial or pursue an appeal does not constitute rare and exceptional circumstances warranting this Court's intrusion. This Court will defer to the pre-trial rulings made by the federal district court in *United States v. Darkins*.

The section 2241 petition is **DISMISSED WITHOUT PREJUDICE**.

**SIGNED** at Houston, Texas on the 27th day of March, 2017.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

4